**Affirmed and Memorandum Opinion filed August 28, 2018.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-17-00510-CR

---

### SHARON DENISE PHILLIPS, Appellant

### V.

### THE STATE OF TEXAS, Appellee

---

**On Appeal from the 339th District Court
Harris County, Texas
Trial Court Cause No. 1448558**

---

## M E M O R A N D U M   O P I N I O N

Appellant Sharon Denise Phillips was found guilty by a jury of murder and sentenced to confinement in prison for fifty-five years. On appeal, appellant contends that the prosecutor's explanation of reasonable doubt during voir dire suggested a level of certainty lower than due process requires, and that the trial court erred in sustaining an objection to defense counsel's closing argument at the punishment stage. We affirm.

## I. Factual Background

Appellant was involved in a volatile relationship with the complainant, Brandon Andrews. One evening in November 2014, Andrews drove to a gas station with his father and young daughter. Appellant then arrived at the gas station, approached Andrews while holding a knife, and began arguing with him. Appellant stabbed Andrews four times in the chest and once in the back, causing his death. Some of the altercation was captured on video surveillance, and some was seen by an eyewitness who testified at trial and identified appellant. The jury refused to find that appellant acted in self-defense and found appellant guilty of murder.

## II. Prosecutor's Explanation of Reasonable Doubt

In her first issue, appellant contends that "[t]he prosecutor's explanation of reasonable doubt during voir dire suggested a level of certainty lower than due process of law requires, illustrating why Texas should return to a standard definition." The State responds that appellant waived this issue by failing to timely object to the prosecutor's explanation of reasonable doubt; in any event, the prosecutor's explanation of the State's burden of proof did not undermine appellant's right to a finding of guilt beyond a reasonable doubt.

During voir dire, the prosecutor discussed the meaning of "reasonable doubt" with the jury panel:

> The Judge kept saying the words "beyond a reasonable doubt." Have y'all heard that term a lot, especially on TV shows? Now, there is no definition of beyond a reasonable doubt. Juror No. 9, beyond a reasonable doubt means something completely different to you than it does to Juror No. 10. It's whether you believe the State of Texas proved their case beyond a reasonable doubt. It's whether you have a reasonable doubt or not. It's a feeling inside. Did the State prove their case beyond a reasonable doubt?

Additionally, the prosecutor encouraged the venirepersons to apply common sense

by using as an example a popular game show in which contestants try to fill in enough blanks with letters to guess the words in a phrase:

> We weren't [at the scene of the crime]. You have to witness the case yourself to believe something beyond all doubt. So [for] those blanks, use your common sense; use your reasonable inferences.

Appellant made no contemporaneous objection to the prosecutor's explanation.

As an initial matter, the State argues that appellant's failure to object waived her complaint that the prosecutor's explanation of the State's burden of proof violated her right to due process. Generally, to preserve a complaint for appellate review, the complaining party is required to make a "timely request, objection, or motion" before the trial court. Tex. R. App. P. 33.1(a)(1); *Gillenwaters v. State*, 205 S.W.3d 534, 537 (Tex. Crim. App. 2006). Almost every right, both constitutional and statutory, may be forfeited by the failure to object. *Glover v. State*, 496 S.W.3d 812, 816 (Tex. App.—Houston [14th Dist.] 2016, pet. ref'd); *see Mendez v. State*, 138 S.W.3d 334, 340–41 (Tex. Crim. App. 2004). Whether an appellant is required to make a contemporaneous objection to preserve error turns on the nature of the right allegedly infringed. *See Proenza*, 541 S.W.3d 786, 796 (Tex. Crim. App. 2017); *Mendez*, 138 S.W.3d at 341–42.

Appellant acknowledges that defense counsel failed to timely object to the prosecutor's explanation of reasonable doubt, but counters that the recent decision in *Proenza* supports a conclusion that a prosecutor's duty not to misrepresent the State's burden of proof creates a right that is waivable only, and therefore a timely objection to the violation of that duty is not required to preserve her appellate complaint. *See* 541 S.W.3d 786.

In *Proenza*, the Court of Criminal Appeals applied the three-category

framework of litigants' rights established in *Marin v. State*[1] to determine whether a defendant was required to object to at trial to preserve a complaint that the trial judge violated article 38.05 of the Texas Code of Criminal Procedure by improperly commenting on the weight of the evidence. *See id.* at 797–800. The *Proenza* court concluded that the mandatory text of the statute and its important role in protecting the perception of the trial judge's impartiality in front of the jury created a right that was waivable only, meaning a right that cannot be forfeited by a defendant's inaction. *See id*. at 800–01. Because the record reflected that the defendant did not affirmatively waive his right to the trial judge's compliance with article 38.05, the court held that the defendant's complaint could be raised for the first time on appeal. *Id*. at 801.

Appellant argues that as a logical extension of *Proenza*, this court should hold that a prosecutor has a similar duty to not misrepresent the State's burden of proof which cannot be forfeited by a defendant's failure to object. According to appellant, prosecutors should be held to a high standard of accuracy when they attempt to explain the law because "that may be the explanation which sticks with the jury," especially since the court's charge does not include a reasonable-doubt instruction.[2]

---

[1] *See* 851 S.W.2d 275 (Tex. Crim. App. 1993), *overruled on other grounds by Cain v. State*, 947 S.W.2d 262 (Tex. Crim. App. 1997). In *Marin*, the Court of Criminal Appeals identified the following three categories of defendants' rights: (1) absolute requirements and prohibitions, which cannot be waived or forfeited by the parties; (2) waivable-only rights, which must be implemented unless expressly waived; and (3) forfeitable rights, which must be requested by the litigant. *See id*. at 279.

[2] Appellant suggests that the remedy for the alleged harm should include not only a reversal for new trial, but also a return to including a written definition of "beyond a reasonable doubt" as the Court of Criminal Appeals once required in *Geesa v. State*, 820 S.W.2d 154, 162 (Tex. Crim. App. 1991), but later overruled in *Paulson v. State*, 28 S.W.3d 570, 573 (Tex. Crim. App. 2000) ("We find that the better practice is to give no definition of reasonable doubt at all to the jury."). To the extent that appellant requests this court to order such relief, we cannot do so. As an intermediate appellate court, we lack the authority to overrule an opinion of the Court of Criminal Appeals. *State v. DeLay*, 208 S.W.3d 603, 607 (Tex. App.—Austin 2006) (citations omitted), *aff'd sub. nom.*, *State v. Colyandro*, 233 S.W.3d 870 (Tex. Crim. App. 2007). In any event, the United

Appellant also asserts that because the charge contains no definition of proof "beyond a reasonable doubt," the prosecutor's explanation of the State's burden of proof may act as an instruction, and therefore a prosecutor's erroneous *de facto* instruction would be charge error sufficient to constitute egregious harm. *See Almanza v. State*, 686 S.W.2d 157 (Tex. Crim. App. 1985) (op. on reh'g).

But appellant cites no legal authority to support her contention that a prosecutor has a duty to refrain from misrepresenting the State's burden of proof comparable to a trial court's statutory duty to refrain from commenting on the weight of the evidence. Likewise, appellant cites no authority supporting her claim that a prosecutor's comments during voir dire equate to charge error. Nor does appellant attempt to apply the *Marin* framework discussed in *Proenza* to explain why a violation of the alleged duty creates a right that is absolute or at least waivable-only, rather than forfeitable by inaction.

It is incumbent upon appellant to cite specific legal authority and to provide legal arguments based on that authority. *See* Tex. R. App. P. 38.1(i); *Bohannan v. State*, 546 S.W.3d 166, 179–80 (Tex. Crim. App. 2017). We will not make novel legal arguments for her. *Bohannan*, 546 S.W.3d at 180. Accordingly, we decline to address appellant's argument because it is inadequately briefed.[3] *See Arrellano v. State*, ___ S.W.___, No. 01-15-00814-CR, 2018 WL 2727737, at *5 (Tex. App.— Houston [1st Dist.] June 7, 2018, pet. filed) (holding that appellant's challenge to

---

States Constitution "neither prohibits trial courts from defining reasonable doubt nor requires them to do so as a matter of course." *Victor v. Nebraska*, 511 U.S. 1, 5 (1994).

[3] We note that post-*Proenza*, this court and our sister court have held that a *trial court's* similar explanations of reasonable doubt were not error. *See Trevino v. State*, No. 14-16-00848-CR, 2018 WL 3469228, at *3–4 (Tex. App.—Houston [14th Dist.] July 19, 2018, no pet. h.) (mem. op., not designated for publication); *Scott v. State*, ___ S.W. ___, 2018 WL 2107237, at *4–6 & n.4 (Tex. App.—Houston [1st Dist.] May 8, 2018, pet. filed). Therefore, even if appellant's issue were not waived, we would conclude that the prosecutor's explanations in this case were not incorrect statements of the law for the same reasons explained in *Trevino* and *Scott*.

trial court's comments concerning reasonable doubt during voir dire was inadequately briefed and thus waived).

We overrule appellant's first issue.

### III. CLOSING ARGUMENT

In her second issue, appellant contends that the trial court erred in sustaining an objection to defense counsel's closing argument in the punishment phase. Appellant argues that the State called Andrews's sister as a witness to show "victim impact" by discussing Andrews's good qualities and the trial court allowed defense counsel to cross-examine her to show that the evidence presented during direct examination was false or misleading. Once this impeachment evidence was admitted, appellant argues, defense counsel was entitled to offer jury arguments based on that evidence, and the trial judge erred in cutting off this line of argument. The State responds that the trial court did not abuse its discretion in precluding defense counsel from improperly using closing argument as a vehicle to place evidence outside the record before the jury.

In the punishment phase, Andrews's sister gave her unsolicited opinion that Andrews was a "good person." On cross-examination, defense counsel attempted to impeach Andrews's sister's opinion by asking a series of "have you heard" questions about various reports of alleged specific instances of conduct by Andrews. The questions inquired into whether Andrews's sister had heard reports that Andrews had attacked different women on several occasions, fired a pistol at someone, and committed a robbery. Andrews's sister denied having knowledge of the bulk of the alleged conduct.[4] No evidence was introduced establishing that Andrews committed

---

[4] The only instance Andrews's sister testified to having any knowledge of was an alleged report that Andrews had fired a pistol at someone, and she testified that she was there and that the incident "didn't happen that way."

6

any of the alleged conduct.

During closing argument, defense counsel sought to remind the jury of the alleged specific instances of conduct he listed during cross-examination of Andrews's sister. The prosecutor objected that defense counsel's jury argument was improper because the alleged conduct had not been proved beyond a reasonable doubt. The trial court sustained the State's objection.

At the end of closing arguments and outside the presence of the jury, defense counsel argued that he was denied the opportunity to remind the jury of the "have you heard" questions that he had posed to Andrews's sister. Defense counsel also made an offer of proof, reciting specifically what he would have asked or argued to the jury, including a list of seven alleged specific instances of conduct. The prosecutor again responded that the argument would be improper because none of the instances of conduct were proven beyond a reasonable doubt but were merely introduced through a witness who had no knowledge of them. Defense counsel replied that, after listing the alleged conduct, he intended to ask the jury, "Did the State bring you any contradictory evidence? Because they did not. That's it."

Proper jury argument includes four areas: (1) summation of the evidence presented at trial, (2) reasonable deduction drawn from that evidence, (3) answer to the opposing counsel's argument, or (4) a plea for law enforcement. *Freeman v. State*, 340 S.W.3d 717, 727 (Tex. Crim. App. 2011). A defendant has the right to argue any theory supported by the evidence and may make all inferences from the evidence that are legal, fair, and legitimate. *Vasquez v. State*, 484 S.W.3d 526, 531 (Tex. App.—Houston [1st Dist.] 2016, no pet.). However, the defense may not use closing argument as a vehicle to place before the jury evidence that is outside the record. *Id*.

We review the trial court's ruling on the State's objection to a defendant's

jury argument for abuse of discretion. *Id*. (citing *Davis v. State*, 329 S.W.3d 798, 825 (Tex. Crim. App. 2010). We will affirm the trial court's ruling on appeal unless it falls outside the zone of reasonable disagreement. *Hayden v. State*, 296 S.W.3d 549, 553 (Tex. Crim. App. 2009); *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990) (op. on reh'g). We also will affirm the trial court's ruling on any theory applicable to the case. *Hayden*, 296 S.W.3d at 553.

Appellant maintains that because his impeachment evidence was admitted, defense counsel was entitled to offer jury arguments based on that evidence. In support of this argument, appellant solely relies on Texas Code of Criminal Procedure article 37.07, § 3, to argue that the statute allows "a wide-ranging presentation chock full of factual assertions which have not been proven beyond a reasonable doubt to be true." Article 37.07 governs the admission of evidence during the punishment phase of trial, and specifically allows the State and the defendant to offer evidence of "any matter the court deems relevant to sentencing." Tex. Code Crim. Proc. art. 37.07, § 3(a)(1). But the State does not contend that the trial court erred in allowing defense counsel's cross-examination of Andrews's sister. The State acknowledges that a witness who testifies to a complainant's good character may be cross-examined to test the witness's awareness of relevant "specific instances of conduct." *See Wilson v. State*, 71 S.W.3d 346, 350 (Tex. Crim. App. 2002); *see also* Tex. R. Evid. 405(a).

The issue before us is whether, during closing argument, the trial court abused its discretion by sustaining the State's objection that allowing defense counsel to reiterate the alleged specific instances of conduct previously posed to Andrews's sister as "have you heard" questions would constitute improper jury argument, when no evidence was presented that Andrews had committed the alleged specific instances of conduct. Appellant argues that "once impeachment evidence is

8

admitted, defense counsel properly may offer jury arguments based on that evidence." As the State points out, however, no impeachment *evidence* was admitted. Indeed, the party cross-examining the character witness with "have you heard" or "do you know" questions may not offer extrinsic evidence to prove that the specific instances of conduct actually occurred. *See Wilson*, 71 S.W.3d at 351. Moreover, it is not the cross-examiner's questions that constitute evidence, it is the witness's answers. *See Madden v. State*, 242 S.W.3d 504, 513 & n.23 (Tex. Crim. App. 2007) (recognizing that questions posed by the attorney are not evidence). In this case, Andrews's sister denied any knowledge of the alleged instances of conduct by her brother, so her testimony cannot constitute evidence of the alleged conduct.

The purpose of permitting cross-examination of a character witness through "have you heard" or "do you know" questions is not to discredit the person whose character is in issue, but rather to discredit the testimony of the character witness. *Harrison v. State*, 241 S.W.3d 23, 25 (Tex. Crim. App. 2007). Absent any evidence that Andrews actually committed any of the conduct alleged in defense counsel's "have you heard" questions, the trial court reasonably could have concluded that, during closing argument, defense counsel was attempting to repeat the alleged instances of conduct to suggest that Andrews was not a good person—and therefore appellant deserved less prison time—by improperly referring to information outside the record. *See Wilson*, 71 S.W.3d at 351; *see also Brown v. State*, 270 S.W.3d 564, 570 (Tex. Crim. App. 2008) (stating that "[i]t is the duty of the trial counsel to confine their arguments to the record; reference to facts that are neither in evidence nor inferable from the evidence is therefore improper"). Indeed, appellant argues that had defense counsel been allowed to "play out this line of attack" the jury "might have thought the killing of Andrews deserved less punishment than was meted out." On the record of this case, we cannot conclude that the trial court's ruling was

outside the zone of reasonable disagreement.

We overrule appellant's second issue.

## IV. CONCLUSION

We overrule appellants' issues and affirm the trial court's judgment.


/s/     Ken Wise
        Justice


Panel consists of Justices Jamison, Wise, and Jewell.
Do Not Publish — TEX. R. APP. P. 47.2(b).