**Opinion filed September 2, 2021**



# In The

# Eleventh Court of Appeals

_____

## No. 11-19-00320-CR

_____

## BILLY RAY HENDERSON, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 91st District Court**
**Eastland County, Texas**
**Trial Court Cause No. 25432**

## M E M O R A N D U M   O P I N I O N

Billy Ray Henderson, Appellant, was found guilty of the crime of possession of a controlled substance: methamphetamine, four grams or more but less than two hundred grams, a second-degree felony. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(a), (d) (West 2017). Appellant entered a plea of "true" to two prior felony

convictions, and the jury assessed his punishment at confinement in the Texas Department of Criminal Justice's Institutional Division for ninety-nine years. *See* TEX. PENAL CODE ANN. § 12.42(d) (West 2019).

In three issues on appeal, Appellant contends that (1) the trial court abused its discretion in admitting a certificate of analysis into evidence because it was not in substantial compliance with the requirements set forth in Article 38.41 of the Texas Code of Criminal Procedure, *see* TEX. CODE CRIM. PROC. ANN. art. 38.41, § 3(2) (West 2018); (2) the trial court abused its discretion in admitting a certificate of analysis into evidence in violation of the Confrontation Clause of the U.S. Constitution; and (3) the trial court abused its discretion in preventing Appellant's trial counsel from making a comment during closing arguments. We affirm.

*Background Facts*

While responding to reports of gunshots in Ranger, Texas, Officer Joshua Nichols asked individuals in the area if they had heard any gunshots. Officer Nichols noticed Appellant walking away from the area, called out to him, and requested that he come back to Officer Nichols's location so that Officer Nichols might question Appellant about the reported gunshots. Appellant complied and told Officer Nichols that he did not hear gunshots. As Appellant walked toward Officer Nichols, the officer observed Appellant drop a clear baggie containing what Officer Nichols believed to be methamphetamine. Officer Nichols then observed Appellant put the baggie back in his pocket, asked Appellant what he had dropped, and ordered him to remove the baggie from his pocket. Appellant pulled the baggie out and threw it on the ground. Lab results later confirmed that the substance was methamphetamine. Appellant was subsequently indicted and convicted of possession of methamphetamine. This appeal followed.

*Analysis*

I. *Article 38.41 Compliance*

In Appellant's first issue, he contends that the trial court abused its discretion in admitting into evidence the lab results confirming the substance to be methamphetamine and the certificate of analysis attached thereto because the certificate of analysis allegedly did not substantially comply with the requirements of Article 38.41, Section 3. *See* CRIM. PROC. art. 38.41, § 3. Specifically, Appellant contends on appeal that the certificate did not substantially comply with Article 38.41, section 3(2), which requires that a certificate of analysis contain "a statement that the laboratory employing the analyst is accredited by a nationally recognized board or association that accredits crime laboratories." *Id.* § 3(2). We disagree.

At the outset, we note that Appellant failed to preserve error for appeal. "To properly preserve an issue concerning the admission of evidence for appeal, 'a party's objection must inform the trial court why or on what basis the otherwise admissible evidence should be excluded.'" *Ford v. State*, 305 S.W.3d 530, 533 (Tex. Crim. App. 2009) (quoting *Cohn v. State*, 849 S.W.2d 817, 821 (Tex. Crim. App. 1993) (Campbell, J., concurring)). Although no "magic words" are required, "[t]he objection must merely be sufficiently clear to provide the trial judge and opposing counsel an opportunity to address and, if necessary, correct the purported error." *Id.* (citing *Reyna v. State*, 168 S.W.3d 173, 177 (Tex. Crim. App. 2005)).

During trial, when the State offered the lab report and certificate of analysis into evidence, Appellant's trial counsel objected on the grounds that the certificate did not comply with Section 3, subsection 4 of the statute and further objected on the grounds that the certificate violated the Confrontation Clause. However, Appellant's counsel reviewed each requirement within Section 3 and decided to only

object to subsection 4, making no mention of subsection 2 as he now contends. Subsection 4 requires "a statement that the analyst's duties of employment included the analysis of physical evidence for one or more law enforcement agencies." CRIM. PROC. art 38.41, § 3(4). An objection on the grounds that the certificate does not include the names of one or more law enforcement agencies does not address the error which Appellant now purports to exist, namely, that the certificate did not mention that the laboratory was accredited by an organization "that accredits crime laboratories." *See id.* § 3(2), (4).

In an attempt to justify his objection to this omission, Appellant asserts that his Confrontation Clause objection "broadened his original objection to admission of the certificate to include an assertion that the certificate was 'non-compliant,' though he did not say so in so many words." We find Appellant's argument unconvincing. In *Williams v. State*, the defendant never raised issue to compliance with the Section 3 requirements, yet he objected at trial on the grounds that the certificate's admission violated the Confrontation Clause. 585 S.W.3d 478 (Tex. Crim. App. 2019). The Court of Criminal Appeals held:

> The problem is that Williams never once complained that the certificate of analysis in this case lacked one or more of the mandatory Section 3 requirements. We cannot fault the trial judge for overruling Williams's confrontation objection when, in response to the State's counter-argument that it had timely filed a certificate of analysis, Williams's only counter-counter-argument was that the certificate was noncompliant because the affiant was someone other than the analyst.

*Id.* at 487. Even though the defendant in *Williams* similarly objected at trial on Confrontation Clause grounds, the court did not "broaden" that objection to imply an objection to the specific requirements of Section 3. Because Appellant did not object to the specific grounds that he now raises on appeal, this issue was not

4

preserved for appeal. *See Ford*, 305 S.W.3d at 533; *see also* TEX. R. APP. P. 33.1(a)(1)(A).

Regardless of whether error was preserved, the State's certificate of analysis at issue here plainly and fully complies with the requirements of Article 38.41, section 3. Appellant takes issue with the fact that the certificate does not include the words "that accredits crime laboratories" after naming the nationally recognized board that accredited the laboratory employing the analyst. *See* CRIM. PROC. art. 38.41, § 3(2). Importantly, Appellant does not contend that "The ANSI-ASQ National Accreditation Board (ANAB)," the accreditation board named in the State's certificate, is not a board that accredits crime laboratories. Rather, Appellant only contends that the certificate is defective because the certificate did not expressly state that this board is one that accredits crime labs. Importantly, subsection 2 merely requires a statement that the lab was accredited by a nationally recognized board or association; that it "accredits crime laboratories" is merely a substantive clarification as to what type of accreditation board or association it must be. A determination of whether that board accredits crime labs can be easily and readily confirmed with a minimal amount of research. Thus, we hold that it is not fatal to a certificate should it not expressly mention that the board or association is one that accredits crime labs. Furthermore, the State's certificate of analysis follows verbatim the form provided in Section 5, which itself does not include the words "that accredits crime laboratories." *See* CRIM. PROC. art. 38.41, § 5. We hold that, at best, the certificate here fully and strictly complies with the requirements of Article 38.41. At a minimum, the certificate substantially complies with the requirements of the statute. *See Williams*, 585 S.W.3d at 484–86. Appellant's first issue is overruled.

## II. Confrontation Clause Objection

In Appellant's second issue, he contends that the trial court erred in admitting the certificate of analysis because it violates the Confrontation Clause. Under Section 4, the offering party must give the other party a copy of the proposed certificate of analysis "not later than the 20th day before the trial begins." CRIM. PROC. art. 38.41, § 4; *Williams*, 585 S.W. 3d at 483. Section 4 also states that a certificate under Section 1 is not admissible if, "not later than the 10th day before the trial begins," the opposing party files a written objection. CRIM. PROC. art. 38.41, § 4; *Williams*, 585 S.W.3d at 483. Without a timely objection, any Confrontation Clause objection is waived so long as the certificate substantially complies with the requirements of Section 3. *See* CRIM. PROC. art. 38.41, § 4; *Williams*, 585 S.W.3d at 483. Here, Appellant acknowledges that no pretrial objection was made; rather, he raised a Confrontation Clause objection for the first time at trial. Furthermore, as we determined above, the certificate at issue here substantially complies with the requirements of Section 3. *See* CRIM. PROC. art. 38.41, §§ 3, 5. Accordingly, Appellant waived his Confrontation Clause objection. *See id.*; *Williams*, 585 S.W.3d at 483–87. We overrule Appellant's second issue.

## III. Jury Arguments

In his third issue, Appellant contends that the trial court denied him the right to effective representation by not allowing his attorney to make a particular statement during closing argument. What actually would have been argued by Appellant's trial counsel is not well preserved by the global offer of proof made on the record. During closing argument, Appellant's trial counsel mentioned to the jury that Officer Nichols testified during trial that his patrol unit, a pickup, was not equipped with a video camera system. When asked in a single question by the State,

Officer Nichols denied that his vehicle was equipped with an "in-pickup recording system." During cross-examination by Appellant's trial counsel, Officer Nichols testified that his vehicle "wasn't equipped with a vehicle cam" and that "the only thing [he] had that night was a body cam." During closing argument, Appellant's trial counsel attempted to show the jury an excerpt from a police body cam video to point out that there was in fact a video system in the vehicle. Soon after the video began playing, the prosecutor requested a bench conference, and the following discussion ensued:

> [PROSECUTOR]: I know where he's going. There is no video. That is an old one that hasn't functioned since they put it in the car. I believe -- I may be wrong about this, but that's not even --
>
> [DEFENSE COUNSEL]: I guess the jury can decide that.
>
> THE COURT: That's not in evidence.
>
> [PROSECUTOR]: That's not in evidence.
>
> [DEFENSE COUNSEL]: The video is in evidence.
>
> THE COURT: That's not in evidence. Don't go there.
>
> [DEFENSE COUNSEL]: The video is in evidence, Your Honor.
>
> THE COURT: I'll hold you in contempt.
>
> [DEFENSE COUNSEL]: I want to show the rest of the video. Can we have a hearing outside the presence of the jury?
>
> THE COURT: We certainly will.

The court then held a hearing outside the presence of the jury:

> THE COURT: Now, before we go any further, [Defense Counsel], if by chance the State is being dishonest, if by chance there is a video system in that vehicle or they have in any way misled the Court -- first of all, there would be all kinds of legal issues beyond what we could ever get into today. I don't believe that either of these gentlemen would have any interest of losing their license by purporting

to you that they have handed things over to you and at this time wouldn't be providing Brady material.

Now, likewise, you did not go into any of this or ask those questions before this jury. It's not in evidence. And for you to become a witness at this point would be totally inappropriate. So as far as this hearing outside the presence of the jury, you haven't asked -- there's nothing before the jury other than for you to try to confuse the issue here to try to show that -- that there is some other video system in existence at this point.

[DEFENSE COUNSEL]: Judge, the testimony is there is no video system. This [body cam] video was admitted into evidence.

THE COURT: Uh-huh.

[DEFENSE COUNSEL]: The video is admitted. I can argue evidence shows and says one thing. They can argue it says another.

THE COURT: This is your opportunity to make an offer of proof. What are you going to show?

[DEFENSE COUNSEL]: I will -- can we play it?

[PROSECUTOR]: Sure.

[DEFENSE COUNSEL]: I'll give you a solid picture.

[PROSECUTOR]: Judge, maybe I can simplify things, too, before we play it. We can play it.

THE COURT: Yes, [Prosecutor]?

[PROSECUTOR]: In initially inquiring about this case, I was told there was no video system in that unit. I just asked Chad Roberts, who is the city manager, police chief, who is in the room now, was there a video system in the -- system in that car and what was that? And Mr. Roberts told me that it is an old video system that's not been functional in years. Is that what you told me?

MR. ROBERTS: That's correct.

THE COURT: If you'll step up here, we'll make a record of that.

8

[DEFENSE COUNSEL]: Judge, the case has rested. I object to any --

THE COURT: This has nothing to do with the case. This is to make the record complete. And you're raising an issue, and you are impugning the integrity of law enforcement and of State's counsel. And -- go ahead and be seated. And either we've got a serious problem and we need to get to the bottom of it and heads need to roll or you need to -- you know, but we're going to make a record at this time.

The court, apparently in an attempt to determine whether there had been perjury, then heard testimony from Roberts, who confirmed that there was in fact a camera in the pickup but that it had been "nonfunctional . . . for at least two years." After hearing the testimony, the court stated:

THE COURT: The defendant will be prohibited from going into anything that's not part of the record. And to point out and to argue that that exists would be inappropriate.

[DEFENSE COUNSEL]: You're telling me -- for clarification, Your Honor -- my job as a defense attorney is to show where officers are either lying or are mistaken.

THE COURT: That's called evidence. That evidence is not before the Court. We are moving on at this point. You've made your record. I've made my ruling. . . .

[DEFENSE COUNSEL]: Judge, I need to make a record of what this testimony and my argument would be if it was properly allowed.

THE COURT: Do it and get to your point.

After playing the video for the trial court and pointing out what appeared to be the image of a video camera in the police vehicle, Appellant's trial counsel stated:

[DEFENSE COUNSEL]: Okay. My request, Judge, is to be able to argue on closing and point out in the [body cam] video what, I believe, shows in admissible, already admitted evidence, the [body cam] video, that that appears to be a camera.

THE COURT: And your request is denied. The objection is overruled. And you've made your record.

From the transcript, the questioning of Roberts was done over the objection of Appellant's trial counsel. Roberts testified outside the presence of the jury. Neither the testimony nor the content thereof was provided to the jury, nor was it argued by the parties to the jury.

We review the trial court's decision to permit or refuse a particular jury argument for abuse of discretion. *See Davis v. State*, 329 S.W.3d 798, 825 (Tex. Crim. App. 2010). The trial court has broad discretion in controlling the scope of closing argument; however, it may not prohibit defense counsel from making a point essential to the defense or from doing something it had the legal right to do. *See Vasquez v. State*, 484 S.W.3d 526, 531 (Tex. App.—Houston [1st Dist.] 2016, no pet.); *Lemos v. State*, 130 S.W.3d 888, 892 (Tex. App.—El Paso 2004, no pet.). To do so is a denial of the defendant's right to counsel. *Vasquez*, 484 S.W.3d at 531 (citing *Wilson v. State*, 473 S.W.3d 889, 901–02 (Tex. App.—Houston [1st Dist.] 2015, pet. ref'd)). "A defendant has the right to argue any theory supported by the evidence, and may make all inferences from the evidence that are legal, fair, and legitimate." *Id.* To be permissible, jury argument must fall within one of four areas: (1) summation of evidence; (2) reasonable deduction from the evidence; (3) an answer to the argument of opposing counsel; or (4) a plea for law enforcement. *Gallo v. State*, 239 S.W.3d 757, 767 (Tex. Crim. App. 2007).

Under the facts of the instant case, no fair inference or reasonable deduction could have been made from the testimony and the video, particularly in light of the fact that the jury only heard of the existence of a video system in the vehicle for the first time during the closing arguments made by Appellant's trial counsel. To be

clear, Appellant's trial counsel did not raise a contention that the State had withheld video evidence that may have actually existed; rather, he asserted only that a video *system* may have been in the officer's vehicle, contrary to the officer's testimony. There is no relevance to Appellant's proposed jury argument, however, without implying that the video system was actually functional. Such an argument is outside the record because there is no evidence of its functionality. Further, there is no substantial relevance to a working video system without implying either that the video had been withheld or that the police intentionally failed to activate it so that the officers could hide their actions and words during the arrest. That argument would also be outside the record. Neither the State nor the defense may use closing argument as a vehicle to place before the jury evidence that is outside the record. *See Borjan v. State*, 787 S.W.2d 53, 57 (Tex. Crim. App. 1990). Appellant's argument would have invited speculation or introduced facts not present in the record, namely, whether the video equipment was capable of an acceptable level of operation. That is evidence outside the record. A trial court has authority to exclude argument based on theories not supported by the evidence. *Vasquez*, 484 S.W.3d at 532. Accordingly, following the intended line of argument, Appellant would have implied to the jury that it could speculate on these matters and allow those speculations to influence its verdict without proper evidentiary foundation. To fairly argue those implications, there must be some evidence in the record that in reasonable probability the video equipment was actually connected to a system that was operational.

Trial counsel for Appellant did not pursue such evidence before or during trial in order to forward such an argument in his closing. The mere existence of video equipment is not sufficient to imply that it operated as a functioning system, was

turned on, was intentionally not turned on, or recorded any images that would be relevant or useful to Appellant's defense. Making an argument about the existence of video equipment in the officer's vehicle would only have served to confuse the jury about the relevant issues and would have likely created an improper inference and allowed speculation that a viewable video from any such equipment did in fact exist but was intentionally withheld or that the equipment was intentionally not operated. For these reasons, we conclude the trial court did not abuse its discretion in prohibiting Appellant's counsel from discussing during closing arguments the existence of video equipment in the officer's vehicle.

Trial counsel for Appellant was invited on the record to make an offer of proof as to what he would have argued to the jury had he been allowed to do so. The offer of proof did not advise the trial court, and does not advise this court, of the specific connections that trial counsel, had he been allowed, would have made to the video equipment. Accordingly, the offer of proof lacks the substance needed for this court to determine whether, based on the exclusion, Appellant was denied his right to counsel. In his offer of proof, Appellant's trial counsel merely stated that he wanted "to be able to argue . . . and point out in the video what, I believe, shows . . . that that appears to be a camera." The question is whether the theory espoused in argument would have been "supported by the evidence" and whether the inferences were legal, fair, and legitimate. *Wilson v. State*, 473 S.W.3d 889, 901–02 (Tex. App.—Houston [1st Dist.] 2015, pet. ref'd).

Nevertheless, assuming, without holding, that the trial court erred, any such error was harmless. The denial of the right to counsel is constitutional error that is subject to a harm analysis under Rule 44.2(a) of the Texas Rules of Appellate Procedure. *See Vasquez*, 484 S.W.3d at 532 (citing TEX. R. APP. P. 44.2(a); *Wilson*,

473 S.W.3d at 901–02). An appellate court "must reverse a judgment of conviction or punishment unless the court determines beyond a reasonable doubt that the error did not contribute to the conviction or punishment." TEX. R. APP. P. 44.2(a). "In applying the harmless error test, the primary question is whether there is a 'reasonable possibility' that the error might have contributed to the conviction or punishment." *Vasquez*, 484 S.W.3d at 532 (citing *Mosley v. State*, 983 S.W.2d 249, 259 (Tex. Crim. App. 1998); *Wilson*, 473 S.W.3d at 901–02).

Importantly, courts have consistently held that there is no improper restriction on a defendant's jury argument that would amount to a denial of counsel where the defendant is able to convey the gravamen of his argument to the jury despite the trial court's curtailment of a particular portion of his argument. *Joiner v. State*, No. 08- 18-00118-CR, 2020 WL 4696625, at *17 (Tex. App.—El Paso Aug. 13, 2020, pet. ref'd) (not designated for publication) (citing *Davis v. State*, 329 S.W.3d 798, 824–25 (Tex. Crim. App. 2010)). Although Appellant's trial counsel was prohibited from specifically pointing to the existence of a video system in the officer's vehicle, Appellant's trial counsel reminded the jury of the officer's testimony that no system existed and directed the jury to look at the top right corner of the video before the State requested to approach the bench. The trial court was never requested to instruct the jury to disregard; neither was the jury ever admonished to disregard the argument or evidence or to refrain from considering it when reaching a verdict. Soon after the ruling by the trial court, Appellant's trial counsel resumed his closing arguments, and he directed the jury to "take the video back into the jury room and review it looking very closely at the last part of the video." Thus, the jury, in it discretion, was equipped to look for the existence of video equipment and to resolve any inconsistency between that and the

officer's testimony. *See Martinez v. State*, No. 08-05-00116-CR, 2007 WL 416687, at *3 (Tex. App.—El Paso Feb. 8, 2007, pet. ref'd) (not designated for publication) ("Though she was prevented from directly arguing the issue, the jury could properly infer that such was the case."). Accordingly, Appellant's trial counsel was able to convey the gravamen of his argument; therefore, any potential error by the trial court when it prohibited Appellant's trial counsel from further identifying the existence of a video system or arguing same was harmless. We overrule Appellant's third issue.

*This Court's Ruling*

We affirm the judgment of the trial court.

W. BRUCE WILLIAMS

JUSTICE

September 2, 2021

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.