**AFFIRMED and Opinion Filed August 16, 2023**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-22-01055-CR**

**EMIL ANDREW CASTIGNANIE, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 283rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F22-00358**

## MEMORANDUM OPINION

Before Justices Molberg, Carlyle, and Smith
Opinion by Justice Molberg

Emil Andrew Castignanie appeals the trial court's judgment convicting him of obstruction or retaliation, a third degree felony, and sentencing him to eighty-eight months' confinement in the Texas Department of Criminal Justice's Institutional Division. *See* TEX. PENAL CODE § 36.06. He argues the trial court erred in preventing his counsel from making a certain jury argument during closing and that such error affected his substantial rights. As explained below, even if we assume error occurred, we conclude it was harmless, and finding no reversible error, we affirm the judgment in this memorandum opinion. *See* TEX. R. APP. P. 47.4.

## BACKGROUND

Texas Penal Code § 36.06 provides, in part, that "A person commits an offense if the person intentionally or knowingly . . . threatens to harm another by an unlawful act" "in retaliation for or on account of the service or status of another" as a "public servant." TEX. PENAL CODE § 36.06(a)(1)(A). The indictment in this case alleged that on or about May 1, 2022, in Dallas County, Castignanie

> did unlawfully then and there intentionally and knowingly harm and threaten to harm J. MARTINEZ, hereinafter called complainant, by an unlawful act, to wit: by THREATENING TO KILL COMPLAINANT, in retaliation for and on account of the service and status of said complainant as a public servant, to-wit: CITY OF DALLAS POLICE OFFICER.

Castignanie pleaded not guilty. The jury found Castignanie guilty of the charged offense during the guilt/innocence phase, and in the punishment phase, the jury assessed his punishment at eighty-eight months' TDCJID confinement and no fine. The trial court then pronounced sentence, entered judgment consistent with the jury's verdict, and certified Castignanie's right to appeal.

## ISSUE AND ANALYSIS

In his sole issue on appeal, Castignanie argues the trial court erred in disallowing a particular jury argument, which he claims denied him a fair trial and constitutes reversible error under Texas Rule of Appellate Procedure 44.2(b). Specifically, he complains the trial court "erred in in prohibiting the defense from arguing that, under the retaliation statute, the jury must find that a 'true threat' is a serious communicated expression of intent to harm." The State disagrees.

–2–

We review the trial court's ruling on the State's objection to a defendant's jury argument for abuse of discretion. *See Davis v. State*, 329 S.W.3d 798, 825 (Tex. Crim. App. 2010) (holding that trial court "did not abuse its discretion in sustaining the [S]tate's objection to" appellant's counsel's jury argument). A trial court has broad discretion in controlling the scope of closing argument but may not prevent defense counsel from making a point essential to the defense. *Wilson v. State*, 473 S.W.3d 889, 902 (Tex. App.—Houston [1st Dist.] 2015, pet. ref'd) (citing *Lemos v. State*, 130 S.W.3d 888, 892 (Tex. App.—El Paso 2004, no pet.)).

If the argument is one the defendant is entitled to make, improper denial of jury argument may constitute a denial of the right to counsel. *Davis*, 329 S.W.3d at 825 ("Although we have held that improper denial of a jury argument may constitute a denial of the right to counsel, this holding assumes that the jury argument is one the defendant is entitled to make."); *see McGee v. State*, 774 S.W.2d 229, 238 (Tex. Crim. App. 1989) (same); *Riles v. State*, 595 S.W.2d 858, 861 (Tex. Crim. App. 1980) ("[I]mproper denial of jury argument can constitute a denial of the right to counsel.").

Thus, because such error may constitute a denial of the right to counsel, *see Davis*, 329 S.W.3d at 825, the error is constitutional error subject to harm analysis under Texas Rule of Appellate Procedure 44.2(a), which requires a court to reverse a judgment of conviction or punishment unless the court determines beyond a reasonable doubt the error did not contribute to the conviction or punishment.

*Vasquez v. State*, 484 S.W.3d 526, 532 (Tex. App.—Houston [1st Dist.] 2016, no pet.) (citations omitted); *see* TEX. R. APP. P. 44.2(a).

In this case, even after the trial court sustained the State's objection and instructed the jury to disregard Castignanie's argument, Castignanie was allowed to make the same argument again, as evidenced in this exchange:

> [DEFENSE COUNSEL]: . . . . So now when something is not defined, the jury has to decide whether something's a threat. That is – you have to decide whether something's a threat. Okay? So if you believe truly that somebody is on their own making statements in private and that's actually a threat, that's up to you to decide that.
>
> . . . .
>
> Think about it. Did he really want them to hear, or is he just talking to himself in his private space where no one can hear him, where he expects no one to hear him? There's no evidence that he knew that he was being recorded, so literally no intent to try to communicate this. It's no different than uttering the words when you're alone in a room. There was no intent to communicate the statements of intent to inflict harm.
>
> [PROSECUTOR]: Your Honor, I'll object. They're still arguing that there had to be an intent to communicate.
>
> [DEFENSE COUNSEL]: Judge, it's up to the jury to decide what they feel a threat is. That's in their realm.
>
> [PROSECUTOR]: Your Honor, it's up to the jury to follow the law.
>
> THE COURT: The way she said the statement is fine. You may proceed.

Castignanie's counsel then concluded her argument without further objection by the State. Later, during the State's closing argument, Castignanie objected based

–4–

on a slightly different argument, one focused on whether he intended to effectuate a threat, not whether Castignanie communicated one. Counsel and the court stated:

> [PROSECUTOR]: Do you want to know the only way not to get charged with retaliation when you're threatening to kill an officer? Keep it in here. Don't say it out loud anywhere at all. That's it. Once you speak it out loud, you've made the threat.
>
> There is no defense that says the no-one-was-listening defense. That's not a thing. You can be in a room alone, and if someone heard you through the wall or anything or it was recorded, it's an offense. You said it.
>
> [DEFENSE COUNSEL]: Judge, that's a misstatement. Under the law, there has to be an intent to effectuate the threat.
>
> [PROSECUTOR]: There does not. That is the thing. She's making up an element.
>
> [DEFENSE COUNSEL]: Judge, I'm going to object.
>
> THE COURT: Overruled. That's absolutely not the law. . . .
>
> [DEFENSE COUNSEL]: [That] there's no intent to threat?
>
> THE COURT: No. Intent to effectuate. That's what you said.

While Castignanie's complaint on appeal appears to be focused on the trial judge's decision to sustain the State's objection during Castignanie's closing argument and instruct the jury to disregard the argument—and is thus our focus below—to the extent Castignanie complains on appeal about the trial court's decision to overrule his counsel's objection to the State's closing argument on the basis that "there has to be an intent to effectuate the threat," we agree with the trial court's view that such an argument is not the law. *See Herrera v. State*, 915 S.W.2d

–5–

94, 97–98 (Tex. App.—San Antonio 1996, no pet.) ("Intent to *engage in conduct* that results in the harm . . . is not an element of obstruction.").

As to the trial court's decision to sustain the State's objection during Castignanie's closing and to instruct the jury to disregard the argument, even if we assume the trial court erred in sustaining the State's objection, we conclude beyond a reasonable doubt that the error did not contribute to Castignanie's conviction, when he conveyed the gravamen of his argument to the jury despite the trial court's rulings, and thus conclude the alleged error was harmless. *See Vasquez*, 484 S.W.3d at 532–33 (stating, "In evaluating whether a defendant was harmed by the trial court's exclusion of the defendant's argument, an appellate court may consider the extent to which the defendant communicated his argument despite the trial court's rulings" and concluding the error that occurred in that case was harmless because the defendant conveyed the gravamen of his argument to the jury); *see also* TEX. R. APP. P. 44.2(a); *Wilson*, 473 S.W.3d 902.

## CONCLUSION

We overrule Castignanie's sole issue and affirm the trial court's judgment.

/Ken Molberg/
KEN MOLBERG
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
221055F.U05

–6–



## Court of Appeals
## Fifth District of Texas at Dallas
## JUDGMENT

EMIL ANDREW CASTIGNANIE,
Appellant

No. 05-22-01055-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the 283rd Judicial
District Court, Dallas County, Texas
Trial Court Cause No. F22-00358.
Opinion delivered by Justice
Molberg. Justices Carlyle and Smith
participating.

Based on the Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

Judgment entered August 16, 2023