Annette **GETER**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 808–87.

Court of Criminal Appeals of Texas, En Banc.

April 19, 1989.

Rehearing Denied Nov. 8, 1989.

Bill D. Rosenstein, Tyler, for appellant.

Jack Skeen, Jr., Dist. Atty., and Christian E. Bryan, Asst. Dist. Atty., Tyler, Robert Huttash, State's Atty., Austin, for the State.

OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

BERCHELMANN, Judge.

Appellant, Annette Geter, was indicted for the third degree felony offense of theft. Tex.Penal Code Ann. § 31.03. After trial by jury, appellant was found guilty as indicted. The Court thereafter imposed sentence at four years confinement in the Texas Department of Corrections, probated for ten years, and ordered appellant to pay restitution in the amount of $15,586. The Court of Appeals for the Twelfth Supreme Judicial District affirmed appellant's conviction. *Geter v. State* (Tex.App.—Tyler, No. 12-86-0189-CR, delivered June 23, 1987). We granted appellant's petition for discretionary review to determine one issue: whether the court of appeals erred in affirming appellant's conviction where the trial court failed to grant appellant's motion to quash the indictment for failure to more specifically allege the term "without effective consent." We will vacate the judgment of the court of appeals and remand the cause for a harm analysis pursuant to *Adams v. State*, 707 S.W.2d 900 (Tex Cr.App.1986).

The following facts assist in addressing appellant's claim. In February of 1984, appellant opened a checking account in a local bank and deposited a modest sum of money into the account. On the same day, a business operating under the name AAMCO opened a savings account in the same bank, depositing $10,000. However, a bank employee mistakenly entered the AAMCO

account under appellant's name and address. Over the course of several months, AAMCO continued to make deposits into the business account, but the bank mailed to appellant the account statements. In January of 1985, appellant went to the bank and closed out the AAMCO account, transferring $586.90 to her checking account and $15,000.00 to a certificate of deposit. The State prosecuted appellant for theft of $750.00 or more but less than $20,000.

The indictment alleged in pertinent part that appellant did

unlawfully, intentionally, and knowingly appropriate property, by acquiring and exercising control over said personal property, said property being, to-wit: current money of the United States of the value of Seven Hundred Fifty and No/100 ($750.00) Dollars or more but less than Twenty Thousand and No/100 ($20,000.00) Dollars without the effective consent of DONNA FARMER, the owner, and with intent to deprive said owner of said property.

Appellant timely filed a motion to quash the indictment complaining of its failure to allege how consent was not effective. Specifically, the motion alleged that appellant "acquired the property with consent of the owner and that the Indictment does not apprise her of which of the four negatives to consent which negates effective consent upon which the State relies and intends to prove that the consent given by the owner of the property was not 'effective'. Without such Notice to the Defendant as to why the consent ... was not effective the Defendant is not fully apprised of the offense with which she is charged and is unable to intelligently formulate her defense."

Effective consent is defined by the code as follows:

"Effective consent" includes consent by a person legally authorized to act for the owner. Consent is not effective if:

(A) induced by deception or coercion;

(B) given by a person the actor knows is not legally authorized to act for the owner;

(C) given by a person who by reason of youth, mental disease or defect, or intoxication is known by the actor to be unable to make reasonable property dispositions; or

(D) given solely to detect the commission of an offense.

Tex.Penal Code Ann. § 31.01(4).

The court of appeals held that the trial court properly dismissed appellant's motion to quash based on this Court's opinion in *Thomas v. State*, 621 S.W.2d 158 (Tex.Cr. App.1981), holding that the term effective consent "need not be further clarified even if challenged by a timely motion to quash." *Geter*, slip op. at 3. In *Thomas*, supra, the defendant was indicted for theft of hub caps. He filed a motion to quash alleging that because statutory definitions include various types of owners and several means of proving lack of effective consent, the indictment should have been quashed. Regarding the necessity of pleading what type of owner, this Court dismissed the defendant's contention holding that "[w]hether the owner has title, possession, or greater right to possession will not benefit a defendant, and does not go to giving him *notice of his alleged act." Thomas*, 621 S.W.2d at 163 (opinion on rehearing) (emphasis in original). Additionally, because the indictment in *Thomas* alleged the simple act of stealing hub caps, there was no further need for the indictment to set out how the owner's consent was not effective. Therefore, we held that under these circumstances the term effective consent is evidentiary in nature, and that the State need only allege no consent or no effective consent. *Id.*, 621 S.W.2d at 161.

■ *Thomas*, supra, represents the general rule that when a term is statutorily defined, it need not be further alleged in the indictment. *Id.; May v. State*, 618 S.W.2d 333 (Tex.Cr.App.1981). However, where the statutory term goes to an act or omission of the defendant and the definition provides for more than one manner or means to commit that act or omission, then upon timely request, the State must allege the particular manner or means it seeks to establish. *Ferguson v. State*, 622 S.W.2d

846, 851 (Tex.Cr.App.1981) (opinion on rehearing).

Appellant argues that her fact scenario goes beyond the scope of the general rule set forth in *Thomas,* supra, and is instead controlled by the rationale in *Ferguson,* supra. She submits that where consent is claimed and the State seeks to negate consent by one of the variant theories in § 31.01(4) relating to a defendant's acts or omissions, the State must give the defendant notice of the acts or omissions with which it seeks to negate consent.

In *Ferguson,* supra, we held that an indictment alleging delivery of a controlled substance is insufficient, when contested by a timely motion to quash for lack of notice, because delivery is statutorily defined in three different ways. Judge W.C. Davis, writing for the majority on rehearing, articulated the rationale. "Which type of 'delivery' the State will attempt to prove would be critical to the [defendant's] defense. The 'delivery' is the act by the [defendant] which constitutes the criminal conduct." *Id.,* 622 S.W.2d at 850 (opinion on rehearing). Therefore, an indictment for delivery of a controlled substance must allege whether the delivery is an offer to sell, constructive, or actual, or any disjunctive combination of the three.

Likewise, in *Gorman v. State,* 634 S.W.2d 681 (Tex.Cr.App.1982), we again held that a defendant is entitled to notice of acts or omissions he is alleged to have committed. Therein, we held that an indictment alleging unlawful appropriation of a camera provided insufficient notice of the offense for failure to allege which type of appropriation.[1] We concluded that to survive a timely motion to quash for failure to provide adequate notice, an indictment for unlawful appropriation of property must either plead which definition of appropriate

it intends to prove, or plead the variant theories disjunctively.

Recently we granted a driving while intoxicated defendant's petition for discretionary review challenging an indictment lacking notice for its failure to specify the substance by which the defendant became intoxicated.[2] *Garcia v. State,* 747 S.W.2d 379 (Tex.Cr.App.1988). Therein we held that the *Ferguson* rationale was controlling, for in *Ferguson,* supra, (delivery of a controlled substance), as in *Garcia,* the prohibitive conduct could be accomplished in more than one way and the means of accomplishing the prohibitive conduct was dependent upon the act or omission of the defendant. *Garcia,* 747 S.W.2d at 381; *Ferguson,* supra.

 Turning to the case at bar, appellant acknowledges the general rule that when a term is statutorily defined it need not be further alleged in the indictment. She also recognizes our opinion in *Thomas,* supra, wherein we held the term effective consent is statutorily defined and need not be further plead. However, appellant contends that *Thomas,* supra, is not controlling for it involves a basic theft case, whereas her case involves a purported taking based upon an act or omission negating consent as set forth in § 31.01(4). Therefore, she contends, her fact scenario goes beyond the scope of *Thomas,* supra, and falls within the rationale of *Ferguson,* supra. See also *Garcia,* supra, and *Gorman,* supra. We agree.

*Thomas,* supra, dealt with a straightforward case of theft of hub caps. It did not present a case wherein whatever consent given was rendered ineffective because of one of the negating circumstances set out in the definition to effective consent, as does appellant's fact scenario. Judge Clinton, concurring with the opinion on rehear-

---

1. Tex.Penal Code Ann. § 31.01(5) defines "appropriate" to mean:

 (A) to bring about a transfer or purported transfer of title to or other nonpossessory interest in property, whether to the actor or another; or

 (B) to acquire or otherwise exercise control over property other than real property.

2. Tex.Rev.Civ.Stat.Ann. art. 6701*l*-1(a)(2) defines intoxication as:

 (A) not having the normal use of mental or physical faculties by reason of the introduction of alcohol, a controlled substance, a drug, or a combination of two or more of those substances into the body; or

 (B) having an alcohol concentration of 0.10 percent or more.

ing in *Thomas,* supra, limited to this issue, envisioned years ago the fact situation now raised by appellant.

> ... in a motion to quash which asserts, say, that appropriation at issue was *with* consent and calls upon the State to elucidate which of the four negatives rendered consent ineffective, might be good. The State would then, in effect, be directed to join issue on a matter of notice not initially presented clearly in the indictment.
>
> *Thomas,* 621 S.W.2d at 166 n. 4. (Clinton, J., concurring in part and dissenting in part) (emphasis in original).

In the case at bar, the State relied upon appellant's deception vitiating the bank's consent to the transfer of the money.[3] This, of course, involves appellant's acts or omissions, and is one of several methods negating consent set forth in § 31.01(4).[4] Accordingly, appellant's motion to quash should have been granted. *Ferguson,* supra.

Put simply, in a theft prosecution where the State relies upon a defendant's act or omission to negate consent pursuant to § 31.01(4), the indictment must allege which of the statutory negatives vitiated consent, or the indictment will be subject to a timely motion to quash for lack of notice. *Ferguson,* supra; *Garcia,* supra; *Gorman,* supra.[5] Our holding today is not intended to affect the notice requirements of other statutes or to stand as an endorsement of needless and potentially endless pleading of purely evidentiary matters.

 Moreover, simply because an indictment fails to convey some requisite item of notice does not necessarily require reversal of a conviction. Under such circumstances, appellate courts are to look to whether, in the context of the case, failure to give that notice had an impact on the defendant's ability to prepare a defense and, if so, how great an impact it was. *Adams v. State,* 707 S.W.2d 900, 903 (Tex. Cr.App.1986). In the instant case, the court of appeals did not address the *Adams* harm analysis. Therefore, we remand this cause to that court for it to determine whether appellant was harmed pursuant to *Adams,* supra. See *Laverne v. State,* 753 S.W.2d 404 (Tex.Cr.App.1988); *Reynolds v. State,* 723 S.W.2d 685 (Tex.Cr.App.1986); *Davis v. State,* 721 S.W.2d 857 (Tex.Cr. App.1986). See also *Janecka v. State,* 739 S.W.2d 813, 841 (Tex.Cr.App.1987) (Opinion on Motion for Rehearing). This Court expresses no opinion with respect to the ultimate disposition of the issue.

The judgment of the court of appeals is vacated and the cause is remanded for further proceedings consistent with this opinion.

McCORMICK, P.J., dissents.

---

**3.** The applicable definitions of deception are codified in Tex.Penal Code Ann. § 31.01(2) which defines deception as follows:

(A) creating or confirming by words or conduct a false impression of law or fact that is likely to affect the judgment of another in the transaction, and that the actor does not believe to be true;

(B) failing to correct a false impression of law or fact that is likely to affect the judgment of another in the transaction, that the actor previously created or confirmed by words or conduct, and that the actor does not now believe to be true;

**4.** The state cites *Thomas,* supra, for the proposition that effective consent need not be more specifically plead under § 31.01(4) cases because consent "depends entirely on the owners (sic) state of mind." However, *Thomas,* supra, should not be read so broadly because it did not involve a situation where whatever consent was given was rendered ineffective because of a defendant's deception or other similar act or omission.

**5.** However, Our holding should not be interpreted to affect the more common theft scenario presented in *Thomas,* supra. One who simply snatches an item takes without the effective consent of the owner and, under such circumstances, the term "effective consent" need not be plead more specifically because all else is purely evidentiary.