

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-13-00456-CR

Lowell Quincey **GREEN**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 54th Judicial District Court, McLennan County, Texas
Trial Court No. 2012-709-C2
Honorable Matt Johnson, Judge Presiding

Opinion by:    Catherine Stone, Chief Justice

Sitting:    Catherine Stone, Chief Justice
        Karen Angelini, Justice
        Luz Elena D. Chapa, Justice

Delivered and Filed:  February 19, 2014

AFFIRMED

The sole issue presented in this appeal is whether the State failed to provide proper notice of the prior convictions that would be used to enhance Lowell Quincey Green's sentence because the State filed a motion to enhance as opposed to a notice of enhancement.  Green contends that the motion was insufficient because it was never ruled on by the trial court.  We overrule Green's issue and affirm the trial court's judgment.

BACKGROUND

Before the commencement of Green's trial, the State timely filed a document entitled "Motion to Enhance Punishment Pursuant to Section 12.42 of the Texas Penal Code and Notice to Defendant of Intent to Enhance Punishment," which contained detailed information of the prior convictions the State intended to use to enhance Green's sentence. At the beginning of the punishment phase of the trial, the prosecutor read the enhancement allegations to the jury. Defense counsel did not object to the reading of these allegations, Green pled true to the allegations, and evidence of the prior convictions was introduced into evidence without objection. In fact, defense counsel stipulated to the introduction of the exhibits establishing the prior convictions. Finally, no objection was made to the jury charge, which incorporated Green's plea to the enhancement allegations.

DISCUSSION

"[P]rior convictions used as enhancement must be pled *in some form*." *Brooks. v. State*, 957 S.W.2d 30, 33-34 (Tex. Crim. App. 1997). As previously noted, Green contends the State failed to provide proper notice of the prior convictions that it intended to use to enhance his punishment because the enhancement allegations were pled in a motion, as opposed to a notice. We overrule Green's contention for three reasons.

First, although Green contends no objection was necessary to preserve this complaint for our review, we disagree. In discussing when an objection must be made regarding enhancement allegations, the Texas Court of Criminal Appeals has stated that an objection must be made when "a defendant [is] on notice that the proceedings may have gone amiss." *Marshall v. State*, 185 S.W.3d 899, 903 (Tex. Crim. App. 2006). In this case, Green was on notice that the prior convictions would be used to enhance his sentence when the enhancement allegations were read at the beginning of the punishment phase of trial. By failing to object on the basis of improper

notice, Green failed to preserve his complaint for appellate review. *See* TEX. R. APP. P. 33.1(a) (requiring complaint to be preserved by a timely objection and ruling).

In addition, we construe the document filed by the State as serving a dual purpose because it served as both a "Motion to Enhance Punishment Pursuant to Section 12.42 of the Texas Penal Code," and as "Notice to Defendant of Intent to Enhance Punishment." Even if we agreed with Green that the document served only as a motion, the only law cited by Green in support of his contention that such a motion was not "some form" for pleading enhancement allegations is case law holding that "'when a defendant relies on a motion for discovery to request notice pursuant to Rule 404(b), it is incumbent upon him to secure a ruling on his motion in order to trigger the notice requirements of that rule." *Mitchell v. State*, 982 S.W.2d 425, 427 (Tex. Crim. App. 1998) (quoting *Espinosa v. State*, 853 S.W.2d 36, 39 (Tex. Crim. App. 1993)). Rule 404(b), however, requires a defendant to "timely request" the information from the State, TEX. R. EVID. 404(b), while enhancement allegations are only required to be pled in "some form." *See Brooks*, 957 S.W.2d at 33-34. We hold that a motion is "some form" for pleading enhancement allegations.

Finally, lack of notice of the State's intent to use prior convictions for enhancement purposes "may result in harm, but lack of notice is not, in and of itself, harm." *Ex parte Parrott*, 396 S.W.3d 531, 537 (Tex. Crim. App. 2013). "Rather, on direct appeal, a reviewing court must determine whether inadequate notice 'had an impact on the defendant's ability to prepare a defense and, if so, how great an impact it was.'" *Id*. (quoting *Geter v. State*, 779 S.W.2d 403, 407 (Tex. Crim. App. 1989)). Improper notice of enhancement allegations does not result in harm "as long as notice is sufficient to enable [the defendant] 'to prepare a defense to them,' and he is afforded an opportunity to be heard." *Id*. (quoting *Pelache v. State*, 324 S.W.3d 568, 577 (Tex. Crim. App. 2010)). In this case, Green did not plead any defense to the enhancement allegations and did not request a continuance to prepare one. *See Hackett v. State*, 160 S.W.3d 588, 591 (Tex. App.—

Waco 2005, pet. ref'd) (holding failure to request continuance rendered error in failure to provide timely notice of enhancement allegations harmless). In fact, Green pled true to the allegations and stipulated to the evidence in support of them. Accordingly, any error by the State in alleging the prior convictions in the form of a motion, as opposed to in the form of a notice, was harmless.

## CONCLUSION

The trial court's judgment is affirmed.

Catherine Stone, Chief Justice

DO NOT PUBLISH