

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-14-00207-CR

CHRISTOPHER LEE MELL, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 181st District Court
Potter County, Texas
Trial Court No. 66,143-B, Honorable John B. Board, Presiding

September 3, 2015

## MEMORANDUM OPINION

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

Through two issues, appellant Christopher Mell challenges his conviction for possession of a controlled substance, greater than four grams but less than two-hundred grams, and enhanced sentence of forty years' imprisonment and fine of $1,000.[1] We will affirm.

---

[1] The offense is a second degree felony punishable by confinement in prison for not more than twenty years or less than two years and a fine of not more than $10,000. TEX. HEALTH & SAFETY CODE ANN. § 481.115(a),(d) (West 2010); TEX. PENAL CODE ANN. § 12.33 (West 2011) (punishment range for second degree felony). With exceptions not here applicable, on a proper showing of a prior final felony conviction, punishment for a

Background

In September 2012 two Amarillo police officers followed up on a tip of possible drug activity at an Amarillo residence. After several minutes, appellant answered the officers' knock at the door and identified himself as his brother, David Mell. He told the officers his date of birth was February 11, 1978. The officers questioned appellant about drug trafficking and requested permission to search the residence, which he refused. During the conversation appellant told the officers that his brother was Christopher Mell. This contact with appellant was recorded by one of the officers.

After the encounter, the officers conducted background checks on David Mell and Christopher Mell using an in-car computer. They could not match David Mell with the date of birth appellant gave them. The officers continued researching and discovered David Mell's date of birth was February 11, 1970, and Christopher Mell's date of birth was April 26, 1978. The computer data base also contained photographs of David Mell and Christopher Mell. In trial testimony, one of the officers expressed the opinion that, from the photographs, "[t]hey could be twins." The computer research also indicated David Mell and Christopher Mell had outstanding arrest warrants.

The officers took up surveillance of the residence. Shortly, a vehicle arrived, stayed about five minutes and left. The officers followed it and observed that its driver failed to signal a turn. The officers conducted a traffic stop and found three occupants in the vehicle. Approaching the passenger side, one of the officers recognized the

second degree felony is enhanced to that of a first degree felony. TEX. PENAL CODE ANN. § 12.42(b) (West Supp. 2014). A person convicted of a first degree felony shall be punished by a term of confinement in prison for life or not more than ninety-nine years or less than five years and a fine of not more than $10,000. TEX. PENAL CODE ANN. § 12.32 (West 2011).

individual who earlier identified himself as David Mell. He was seated in the back seat. Believing this person was David Mell, the officer arrested him on the outstanding warrants against David Mell.

The person was searched incident to arrest and in a pocket of his clothing the officer found a bag containing thirty-three pills. These were later shown to be methadone, a controlled substance. Believing he had arrested David Mell, the officer asked why he lied about his date of birth. The person responded that he was Christopher Mell and not David Mell. Appellant was then arrested on the warrant in his name. He was subsequently indicted on the possession of a controlled substance charge.

During the presentation of evidence, the jury was permitted to hear the officers' testimony about their initial knock and talk contact with appellant. The recording of their conversation with him was also replayed. Appellant was found guilty of the charged offense and the jury assessed punishment as noted. Sentence was imposed accordingly.

Analysis

First Issue

In his first issue, appellant argues evidence of the officers' contact with him at the residence, some forty-five minutes before his arrest, was improperly admitted because it amounted to inadmissible character evidence. The State responds this evidence was properly admitted as background contextual evidence.

The decision of a trial court to admit or exclude extraneous-offense evidence is reviewed for abuse of discretion. *Moses v. State,* 105 S.W.3d 622, 627 (Tex. Crim. App. 2003). A trial court does not abuse its discretion if its ruling is within the zone of reasonable disagreement. *Prible v. State,* 175 S.W.3d 724, 731 (Tex. Crim. App. 2005).

Evidence of other crimes, wrongs, or acts is not admissible to prove character conformity, but may be admissible for other purposes, "such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or lack of accident." TEX. R. EVID. 404(b)(2). Rule 404(b) is a rule of inclusion rather than exclusion and the exceptions listed under Rule 404(b) are neither mutually exclusive nor collectively exhaustive. *De La Paz v. State,* 279 S.W.3d 336, 343 (Tex. Crim. App. 2009).

"[E]vents do not occur in a vacuum, and the jury has a right to hear what occurred immediately" before and after the commission of the charged offense so that it may realistically evaluate the evidence. *Wesbrook v. State,* 29 S.W.3d 103, 115 (Tex. Crim. App. 2000). Thus evidence of extraneous conduct may be admissible as contextual evidence. *Wyatt v. State,* 23 S.W.3d 18, 25 (Tex. Crim. App. 2000). Two types of contextual evidence have been identified: (1) evidence of another offense connected with the primary offense, "same transaction contextual evidence"; and (2) general background evidence, "background contextual evidence." *Mayes v. State,* 816 S.W.2d 79, 86-87 (Tex. Crim. App. 1991). Background contextual evidence helps the jury "fill in the background of the narrative and give it interest, color, and lifelikeness." *Id.* at 87. "In other words, the evidence must be necessary to the jury's understanding of the instant offense because the circumstances of the offense would make little or no

4

sense without the admission of the background contextual evidence." *Smith v. State,* 200 S.W.3d 644, 649 (Tex. App.—Houston [1st Dist.] 2001, pet. refused).

Appellant posits that the circumstances of his arrest, and the confusion over his identity, could adequately have been presented to the jury without evidence of the reason officers went to the residence and without the recording of their doorway conversation. After review of the record, we see no abuse of discretion in the trial court's ruling. Appellant argues the testifying officer could have begun his testimony with the traffic stop, and simply referred to his knowledge that appellant and his brother David had outstanding warrants. We think appellant's proposal understates the potential for confusion and unanswered questions if the testimony had been presented in that manner, without making the jury aware of appellant's earlier encounter with the officers, and of the information they acquired as the consequence of that encounter. We agree, for instance, with the State's argument that without the background information the jurors well could have been confused by the officer's immediate arrest of a passenger in a vehicle stopped for a minor traffic offense. And the unobjected-to testimony about the officer's question to appellant regarding his lie about his date of birth would make little sense without the background information.

We find the trial court properly could have considered the challenged evidence of the officers' knock and talk contact with appellant to be admissible background contextual evidence. Appellant's first issue is overruled.

Second Issue

Through his second issue, appellant argues the State waived any right to seek enhancement of punishment from proof of a previous, final felony conviction, by its amendment of the indictment.

Appellant was indicted in November 2013 under an instrument alleging he committed the charged offense on September 27, 2013. The correct date of the alleged offense was September 27, 2012. The indictment also contained an "enhancement paragraph" alleging appellant was finally convicted of a felony in January 2001.

About a month after the indictment was filed, the State moved to amend the instrument to allege the correct date of offense. The offense date was the only amendment requested in the motion. The proposed order appended to the motion contained language restating the body of the indictment, beginning with the phrase, "In the name and by the authority of the State of Texas," continuing with the allegation of appellant's commission of the offense, with the corrected date, and concluding with the phrase, "Against the peace and dignity of the State," and the signature line for the grand jury foreperson, on which line the foreperson's name was typed. For reasons not explained, the order reciting the amended indictment omitted the enhancement paragraph.

The State filed pretrial notices under Code of Criminal Procedure article 37.07 and rules of evidence 404(b) and 609 listing the 2001 offense along with other offenses. The notices made no mention, however, of enhancement of punishment through evidence of a prior felony conviction. At voir dire, the State made general reference to a possible heightened punishment range and inquired of the panel's willingness to

consider such a range. The existence of a specific prior felony conviction as the basis for punishment enhancement was, of course, not mentioned.

After the jury convicted appellant, but before it returned to the courtroom for the punishment hearing, counsel for appellant announced in open court an objection to enhancement of punishment. According to appellant, by amending its indictment without the enhancement paragraph, the State "waived" any right to seek enhancement.

We find no merit to appellant's second issue. Appellant first argues that the State gave no written notice "in any form that the State intended to seek an enhanced punishment." As noted, however, the original indictment contained an enhancement paragraph, and there is no contention the paragraph was in any sense insufficient to provide the required notice. *See Ex parte Parrott,* 396 S.W.3d 531, 537 (Tex. Crim. App. 2013); *Villescas v. State,* 189 S.W.3d 290, 292-93 (Tex. Crim. App. 2006); *Brooks v. State,* 957 S.W.2d 30, 34 (Tex. Crim. App. 1997) (notice of prior convictions to be used for enhancement "must be pled in some form," but not necessarily in the indictment). Appellant's more specific contention is that by seeking amendment of the indictment in the manner it did, the State "waived its enhancement." Appellant argues the State exhibited the intent to waive enhancement of his punishment range when it sought amendment of the indictment without an enhancement paragraph. We do not agree that, standing alone, the motion and proposed order the State submitted to the trial court demonstrate an intention to negate the notice of prior convictions for enhancement contained in the original indictment. *See Wappler v. State,* 138 S.W.3d 331, 333-34 (Tex. Crim. App. 2004) ("waiver requires an intentional relinquishment or abandonment of a known right or privilege by actual renunciation or intentional conduct

7

inconsistent with claiming that known right" (internal quotation marks and citation omitted)).  The motion mentions nothing about enhancement; it speaks only to an amendment to correct the date of the offense.  The proposed order, drafted in a form that appears to restate the original indictment, with the correct offense date but without the enhancement paragraph, might fairly be said to muddy the waters regarding the State's intentions on enhancement, but nothing more.[2]

Further, we cannot agree that the record supports appellant's contention on appeal that the indictment amendment hindered his "opportunity to make informed decisions as to his rights under the United States and Texas Constitutions."[3]  To the contrary, given the timing and wording of appellant's objection, we think the record makes clear his counsel was well aware of the State's intention to seek enhancement.  Appellant did not express surprise, lack of preparedness to defend the enhancement allegation, or a need for a continuance of the punishment hearing.  *See Pelache v. State,* 324 S.W.3d 568, 577 (Tex. Crim. App. 2010) (explaining "[i]n determining whether [defendant] received sufficient notice of the State's intent to enhance punishment, we look to the record to identify whether [defendant's] defense was

---

[2] We need not consider, and express no opinion on, the efficacy or propriety of the State's chosen manner of amending the indictment.  *See Riney v. State*, 28 S.W.3d 561, 565-66 (Tex. Crim. App. 2000) (describing acceptable manner of amendment of charging instrument).

[3] If the question is one of harm from the State's mixed message regarding enhancement, we find the record shows no harm to appellant.  His complaint to the trial court was not denial of due process or due course of law, nor did he otherwise couch his objection in constitutional terms.  Rather he asserted that, regardless of the State's intentions, its restatement of the indictment without the enhancement paragraph worked a waiver of its ability to seek enhancement.  We believe harm would be assessed by the non-constitutional standard of appellate rule 44.2(b), but we would find no harm is shown on this record even under the constitutional-error standard of rule 44.2(a).  *See* TEX. R. APP. P. 44.2(a),(b).  *See generally* George E. Dix & John M. Schmolesky, 42 TEXAS PRACTICE: CRIMINAL PRACTICE & PROCEDURE § 25:184 (3rd ed. 2011).

impaired by the timing of the State's notice" and noting the defendant "did not request a continuance, appear surprised by the allegations, or argue that he was unprepared to defend against the prior conviction allegations"); *Geter v. State,* 779 S.W.2d 403, 407 (Tex. Crim. App. 1989) (concerning harm analysis, "simply because an indictment fails to convey some requisite item of notice does not necessarily require reversal of a conviction. Under such circumstances, appellate courts are to look to whether, in the context of the case, failure to give that notice had an impact on the defendant's ability to prepare a defense and, if so, how great an impact it was"). Appellant raised no objection to the State's voir dire of the venire on the subject of an enhanced punishment range. After the court overruled his objection to the submission of an enhanced punishment range, appellant plead true to the enhancement offense.[4] Appellant did not object to the charge on punishment, which instructed the jury to find the enhancement paragraph true and assess punishment as a first-degree felony. On appeal appellant does not argue the charge's requirement of enhanced punishment was fundamental error causing egregious harm. Appellant's second issue is overruled.

Conclusion

Having overruled appellant's two issues, we affirm the judgment of the trial court.


James T. Campbell
Justice

Do not publish.

---

[4] *See Villescas,* 189 S.W.3d at 294 ("when a defendant has no defense to the enhancement allegation and has not suggested the need for a continuance in order to prepare one, notice given at the beginning of the punishment phase satisfies the federal constitution").