# NO. 12-22-00109-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *GILBERT GARCIA,*<br>*APPELLANT* | § | *APPEAL FROM THE 241ST* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Gilbert Garcia appeals his sentence following his conviction for aggravated robbery. In one issue, Appellant contends that the trial court abused its discretion in overruling his objection to the State's notice of intention to enhance with evidence of prior felony convictions. We affirm.

## BACKGROUND

Appellant was charged by indictment with aggravated robbery and pleaded "not guilty." On February 23, 2022, the State filed a ***Brooks***[1] notice, in which it set forth its intent to allege the existence of two prior felony convictions to enhance Appellant's minimum punishment from five years to twenty-five years.

A jury found Appellant "guilty" as charged, and the matter proceeded to a trial on punishment. At the outset of the punishment trial, Appellant pleaded "true" to the first enhancement allegation. To the second allegation, Appellant hesitantly pleaded "not true." The parties approached the bench, where Appellant explained that the second enhancement allegation contained inaccuracies. He suggested that he intended to plead "true" but was unable to do so due to the mistakes in the allegation. The State acknowledged the inaccuracies and stated that it

---

[1] *See **Brooks v. State**, 957 S.W.2d 30, 33–34 (Tex. Crim. App. 1997).

simply would prove the prior conviction. Appellant declined, at this point, to make any objections to the second enhancement allegation and, upon the State's rereading of the allegation, reiterated his plea of "not true."

The State commenced its presentation of evidence. As it did so, it offered an exhibit consisting of Appellant's fingerprints and other identifying information. At this point, Appellant asked to approach the bench, and, in a lengthy exchange outside the jury's presence, set forth his objections to the State's *Brooks* notice, which objections we summarize as follows:

> • The first enhancement allegation is insufficient because it does not set forth the name of the county in which Appellant was convicted.

> • The second enhancement allegation is insufficient because it names the incorrect county in which Appellant was convicted.

The State responded that, although the first enhancement allegation failed to set forth the name of the county in which Appellant was convicted, it does set forth that Appellant was convicted in the 410th District Court of Texas and received notice of the relevant judgment of conviction in discovery, which also sets forth the county of conviction. With regard to the second enhancement allegation, the State acknowledged that it sets forth the incorrect county of conviction. It further conceded that the second allegation sets forth the incorrect date of the conviction and listed the crime as aggravated robbery when, in fact, Appellant was convicted of the lesser-included offense of robbery. However, the State noted that the second allegation sets forth the correct cause number and correctly denotes that Appellant was convicted in the 445th District Court, of which there only is one in Texas. The State further noted that its "amended notice of intent to offer evidence" under Rule 404(b) correctly sets forth the date and county of conviction.

In reply, Appellant acknowledged receiving the State's amended 404(b) notice, which clarified which convictions the State sought to use to enhance his punishment. But he suggested to the court that given the errors in the text of the second enhancement allegation, he could not plead "true" to it, as was his intent, and the jury potentially could hold his plea of "not true" against him. The trial court overruled Appellant's objections.

2

Following the presentation of evidence and argument of counsel, the jury assessed Appellant's punishment at imprisonment for fifty-five years. The trial court sentenced Appellant accordingly, and this appeal followed.

***BROOKS* NOTICE**

In his sole issue, Appellant argues that the trial court abused its discretion in overruling his objections to the State's ***Brooks*** notice.

**Preservation of Error and Waiver**

At the outset of his argument on appeal, Appellant asserts that the trial court erred by overruling his objection and allowing the State to proceed on "a defective and untimely notice of enhancement of punishment." In response, the State argues that Appellant failed timely to preserve the issue he now raises on appeal. It is well established that an issue raised on appeal must be the same issue raised by the objection asserted at trial. *See* TEX. R. APP. P. 33.1(a); ***Ibarra v. State***, 11 S.W.3d 189, 197 (Tex. Crim. App. 1999) (holding nothing preserved for review if objection at trial does not comport with issue on appeal); ***Eldred v. State***, 431 S.W.3d 177, 189 (Tex. App.–Texarkana 2014, pet. ref'd). The defendant's objection must "let the trial judge know what he wants, why he thinks himself entitled to it, and to do so clearly enough for the judge to understand him at a time when the trial court is in a proper position to do something about it." ***Thomas v. State***, 408 S.W.3d 877, 884 (Tex. Crim. App. 2013); ***Eldred***, 431 S.W.3d at 189. Our review of the record has not revealed any instance in which Appellant objected to the timeliness of the State's ***Brooks*** notice. Accordingly, we do not address Appellant's argument on appeal with regard to whether such notice was made timely. *See* TEX. R. APP. P. 33.1(a); ***Ibarra***, 11 S.W.3d at 197.

The State next asserts that Appellant's objection to the enhancement allegations was untimely. To preserve a complaint for appellate review, the record must show that the complaint was presented to the trial court by a timely request, objection, or motion stating the specific grounds for the desired ruling. *See* TEX. R. APP. P. 33.1(a); ***Gabel v. Gabel-Koehne***, 649 S.W.3d 590, 596 (Tex. App.–Houston [1st Dist.] 2022, no pet.); ***Guillory v. Boykins***, 442 S.W.3d 682, 689 (Tex. App.–Houston [1st Dist.] 2014, no pet.). To be considered timely, the request, objection, or motion generally must be made at the earliest possible opportunity, thereby allowing the trial court an opportunity to cure the error. ***Gabel***, 649 S.W.3d at 596; ***Guillory***,

3

442 S.W.3d at 689. Here, Appellant failed to make any objection to the State's **Brooks** notice until after he entered his pleas to the enhancements. While he noted the inaccuracies in the second enhancement allegation, he did not make an objection at that time or receive a ruling. Instead, on the State's suggestion that it simply would offer proof of the underlying conviction, Appellant reiterated his plea of "not true" to the second allegation. We hold that Appellant's failure to object to the State's enhancement allegations until after he entered his pleas and his reiteration of his "not true" plea to the second allegation did not preserve the issue for appellate review. *See Nelson v. State*, No. 06-09-00184-CR, 2010 WL 2574077, at *4, *6 (Tex. App.– Texarkana June 29, 2010, no pet.) (mem. op., not designated for publication) (failure to object to enhancement allegations based on lack of notice when allegations read and plea of "true" entered failed to preserve error).[2]

The State further asserts that even had Appellant preserved error, he waived his objections when, in response to the State's offer of the pen packets containing the judgments of conviction underlying the two enhancement allegations, he stated that he had "no objection" to its admission. *See Thomas*, 408 S.W.3d at 885–86 ("[I]f from the record as a whole the appellate court simply cannot tell whether an abandonment was intended or understood, then, consistent with prior case law, it should regard the "no objection" statement to be a waiver of the earlier-preserved error"); *Holmes v. State*, 248 S.W.3d 194, 201 (Tex. Crim. App. 2008) (noting that prior holding that a defendant waives any complaint on appeal concerning admissibility of evidence when he affirmatively states, "No objection," at the time the evidence is offered, still is "good law"); *see, e.g.*, *Nelson*, 2010 WL 2574077, at *4 (noting that the appellant stated he had "no objections" when State offered pen packets containing judgments of conviction). Based on our review of the record, with particular consideration given the very brief interval between Appellant's objections to the State's **Brooks** notice and his statement that he had "no objection" to the admission of the pen packet containing the judgment in support of the enhancement allegations, we conclude that Appellant intended to or understood that he was abandoning his objections to the State's notice. *See Thomas*, 408 S.W.3d at 885–86. Therefore, we hold that,

---

[2] *But c.f.* **Mendez v. State**, 212 S.W.3d 382, 388 (Tex. App.–Austin 2006, pet. ref'd) (holding that defendant's "objection at any point during the penalty stage [was] sufficient to preserve the error" of State's not reading the enhancement allegations and taking his plea); *c.f. also* **Marshall v. State**, 185 S.W.3d 899, 903 (Tex. Crim. App. 2006) (explaining that defendant must object when he has "notice that the proceedings may have gone amiss," and he has this notice when he learns that the State is seeking a higher penalty despite the enhancement allegations not being read). In the instant case, Appellant had notice that the proceedings had gone "amiss" when the enhancement allegations were read aloud in open court, if not before.

even assuming Appellant preserved the issue he now raises, he subsequently waived those objections.

## Notice of Enhancement Allegations

However, even had Appellant preserved error by making a timely objection and not subsequently waiving such an objection, the outcome would not differ. When the state seeks to enhance a defendant's punishment with evidence of a prior conviction, the accused is entitled to a description of the judgment of former conviction that will enable him to find the record and make preparation for a trial on the question of whether he is the named convict therein and, if possible, show there is a mistake in identity, or that there was no final former conviction, or the like. *See Villescas v. State*, 189 S.W.3d 290, 293 (Tex. Crim. App. 2006); *Garza v. State*, 383 S.W.3d 673, 675–76 (Tex. App.–Houston [14th Dist.] 2012, no pet.). Prior convictions used as enhancements must be pleaded in some form, but they need not be pleaded in the indictment— although it is permissible and perhaps preferable to do so. *See Brooks v. State*, 957 S.W.2d 30, 34 (Tex. Crim. App. 1997).

This right to notice is rooted in due process. *Villescas*, 189 S.W.3d at 293. Under a due process analysis, the issue is "whether appellant received sufficient notice of the enhancements so that he had an opportunity to prepare a defense to them." *Pelache v. State*, 324 S.W.3d 568, 577 (Tex. Crim. App. 2010). We must look to the record to identify whether the appellant's defense was impaired by the inadequacy of the state's notice. *See id.* The determination of whether proper notice of enhancements was given does not require that notice be given within a particular period of time before trial or before the guilt phase is completed. *Id.* As a general rule, due process is satisfied if the State gives notice at the beginning of the punishment phase and the "defendant has no defense to the enhancement allegation and has not suggested the need for a continuance in order to prepare one." *Villescas*, 189 S.W.3d at 294.

In the instant case, Appellant objected to the first enhancement because it omitted the name of the county in which the conviction took place. Furthermore, he objected to the second enhancement because it named the incorrect county of conviction. Moreover, with regard to the second enhancement, the State informed the trial court that the notice set forth an incorrect date for the conviction and listed the crime as aggravated robbery when, in fact, Appellant ultimately was convicted of the lesser-included offense of robbery.

5

Notice of enhancement allegations is reasonable where it provides "a description of the judgment of former conviction that will enable [the accused] to find the record and make preparation for a trial of the question whether he is the convict named therein." *Hamilton v. State*, Nos. 12-04-00126-CR, 12-04-00127-CR, 2005 WL 2095938, at *3 (Tex. App.–Tyler Aug. 31, 2005, no pet.) (mem. op., not designated for publication) (citing *Sears v. State*, 91 S.W.3d 451, 454–55 (Tex. App.–Beaumont 2002, no pet.)).  If an enhancement allegation contains at least (1) a statement of the nature of the offense, (2) the date of the prior conviction, and (3) the court in which the prior conviction occurred, it is sufficient.  *See Rooks v. State*, 576 S.W.2d 615, 616–617 (Tex. Crim. App. 1978).  It is not necessary to allege prior convictions for enhancement with the same particularity required in alleging the primary offense.  *Freda v. State*, 704 S.W.2d 41, 42 (Tex. Crim. App. 1986).

Here, the first enhancement allegation set forth as follows:

> And it is further presented that, prior to the commission of the charged offense (hereafter styled the primary offense), on the 1st day of October, 2007, in cause number 070606331 in the 410th Judicial District Court of , [sic] the defendant was finally convicted of the felony offense of Possession of a Controlled Substance, Penalty Group 1, more than 1 gram, less than 4 grams.

Because the allegation sets forth the nature of the offense, the date of the conviction, and the court in which the prior conviction occurred, it is sufficient.  *See Rooks*, 576 S.W.2d at 616–17  Moreover, as Appellant conceded to the trial court and the record reflects, the State's amended notice of intent to offer evidence under Article 404(b), the receipt of which Appellant acknowledged, references this conviction by cause number and sets forth that the conviction occurred in Montgomery County, Texas.  *See Pelache*, 324 S.W.3d at 577.

The State's second enhancement allegation sets forth as follows:

> And it is further presented that, prior to the commission of the primary offense, and after the conviction in cause number 070606331 was final, the defendant committed the felony offense of Aggravated Robbery, and was finally convicted on the 29th day of October, 2015, in cause number 2015-DCR-1518, in the 445th Judicial District Court, of Montgomery County, Texas.

This enhancement correctly sets forth the cause number and the court of conviction.  As the trial court noted, there only is one 445th Judicial District Court in Texas.  Similarly, as Appellant conceded to the trial court and as the record reflects, the State's amended notice of intent to offer evidence under Article 404(b) references this conviction by its cause number, sets forth the

correct county of conviction and the date of the conviction. It correctly lists the charge of aggravated robbery even though it does not set forth the lesser-included offense of which Appellant ultimately was convicted. We conclude that between the State's **Brooks** notice and its amended notice of intent to offer evidence under Article 404(b), Appellant received sufficient notice of the second enhancement so that he had an opportunity to prepare a defense to it. *See id.*

**Harm**

Even assuming arguendo that due to these inaccuracies, the State's second enhancement allegation provided Appellant inadequate notice, the outcome would not differ. Lack of notice may result in harm, but lack of notice is not, in and of itself, harm. *See **Geter v. State**,* 779 S.W.2d 403, 407 (Tex. Crim. App. 1989) (explaining that lack of requisite notice does not result in automatic reversal of conviction but is subject to harm analysis). Rather, a reviewing court must determine whether inadequate notice "had an impact on the defendant's ability to prepare a defense and, if so, how great an impact it was." ***Id.*** Absent proof of prejudicial surprise, a variance between the allegations in the indictment and the proof presented at trial is not material and does not require reversal. ***Freda**,* 704 S.W.2d at 42–43; *see also **Barrett v. State**,* 900 S.W.2d. 748, 752 (Tex. App.–Tyler 1995, pet. ref'd) ("A variance between the offense alleged in an enhancement paragraph and the proof presented at trial is material and fatal only if the appellant shows surprise or prejudice").

*Standard of Review*

The notice requirement dictated by ***Brooks*** is of constitutional origin and, thus, is subject to harm analysis under Texas Rule of Appellate Procedure 44.2(a). *See **Villescas**,* 189 S.W.3d at 294. Constitutional error is harmful unless a reviewing court determines beyond a reasonable doubt that the error did not contribute to the conviction. TEX. R. APP. P. 44.2(a). In applying the harmless error test, the primary question is whether there is a "reasonable possibility" that the error might have contributed to the conviction or punishment. ***Vasquez v. State**,* 484 S.W.3d 526, 532 (Tex. App.–Houston [1st Dist.] 2016, no pet.); *see also **Mosley v. State**,* 983 S.W.2d 249, 259 (Tex. Crim. App. 1998).

In conducting a constitutional harmless error analysis, we do not focus on the propriety of the outcome of the trial, but instead "calculate as much as possible the probable impact of the error on the jury in light of the existence of other evidence." ***Wesbrook v. State**,* 29 S.W.3d 103, 119 (Tex. Crim. App. 2000); ***Vasquez**,* 484 S.W.3d at 532. We must evaluate the record in a

7

neutral, impartial, and even-handed manner, not in the light most favorable to the prosecution. *Vasquez*, 484 S.W.3d at 532. We consider the nature of the error, the extent to which it was emphasized by the state, its collateral implications, and the weight a jury likely would assign it. *Id.* (citing **Snowden v. State**, 353 S.W.3d 815, 822 (Tex. Crim. App. 2011)). These factors are not exclusive, and other considerations may inform our harm analysis. *Id.* The question we must answer in reviewing constitutional error for harm is not whether the jury verdict was supported by the evidence, but rather, the likelihood that the constitutional error actually was a contributing factor in the jury's deliberations in arriving at that verdict. *See **Wells v. State***, 611 S.W.3d 396, 410 (Tex. Crim. App. 2020). At bottom, an analysis for whether a particular constitutional error is harmless should take into account any and every circumstance apparent in the record that logically informs an appellate determination whether beyond a reasonable doubt that particular error did not contribute to the conviction or punishment. *Vasquez*, 484 S.W.3d at 532; *see also* **Simpson v. State**, 227 S.W.3d 855, 858–59 (Tex. App.–Houston [14th Dist.] 2007, no pet.) (if appellate record in a criminal case reveals constitutional error in proceedings below, appellate court must reverse the judgment under review unless it determines beyond a reasonable doubt that error made no contribution to conviction or to punishment).

*Discussion*

Here, the record leaves no doubt that Appellant was not surprised by the second enhancement allegation. Indeed, he informed the trial court that the county of conviction was incorrect. But he offered no defense to the substance of the allegations either at trial or on appeal. *See **Villescas***, 189 S.W.3d at 294. Instead, he argued to the trial court that given the errors in the text of the second enhancement allegation, he could not plead "true" to it, as was his intent, and the jury potentially could hold his plea of "not true" against him.[3]

In our review of the record of Appellant's trial on punishment, we note that in its jury argument, the State made the following imploration with regard to the enhancement allegations:

> Now, when we read it, he chose to enter not guilty pleas. I want to ask you something, because there was some clerical errors in the document that was read, not any legal issue, but there was some clerical errors that could have caused him to plead not guilty -- not true to them. I want you to not hold those pleas against him if you were going to. Please don't. That's a mistake on

---

[3] We note that had Appellant objected to the enhancement allegation before pleading "not true" to it, it is conceivable that the trial court could have permitted the State to amend the notice to include the correct information, or, otherwise, granted a continuance. *See **Villescas v. State***, 189 S.W.3d 290, 293, 294 (Tex. Crim. App. 2006) (due process is satisfied if state gives notice at beginning of the punishment phase).

our part. It's our fault and not his. I don't want that, if it would have weighed on your mind, to be held against him in any way whatsoever.

Likewise, the Appellant, in his argument to the jury, stated as follows:

> But let me also tell you this, and he talked about this on parole. He said, Hey, look, if you find that it's true that my client committed these two other offenses, then the range of punishment is 25 to life. Well, my client pled not true to those offenses, because, like the prosecuting attorney told you, there were some mistakes that they had made, and because of their mistakes we couldn't plead true to them, we couldn't accept responsibility, he had to say "not true" and let them put on evidence to say if they were true or not because of a mistake they had made. And then, you know, they're going to try to hold that against us.

Based on our review of the record, there is nothing to indicate that the jury chose to hold Appellant's decision to plead "not true" to the second enhancement allegation against him.[4] Instead, the record indicates that Appellant and the State were unified in their pleas to the jury that Appellant's plea of "not true" was necessary and resulted from a mistake on the State's part. Further still, the jury's assessment of Appellant's punishment at imprisonment for fifty-five years is far above the twenty-five year minimum enhanced sentence Appellant faced. We simply cannot conclude based on the punishment assessed that, had the minimum range of punishment been lower, the jury necessarily would have assessed a lesser punishment. Based on our review of the record, there is nothing to indicate that this mistake to which the State admitted before the jury had any of the collateral effects of which Appellant was wary, or that the jury assigned any weight to Appellant's plea of "not true" in contravention of both the State and Appellant's requests that it not do so. *See Vasquez*, 484 S.W.3d at 532. Thus, we conclude that the record supports, beyond a reasonable doubt, that the mistakes in the State's second enhancement allegation, as they appeared in its *Brooks* notice, did not contribute to Appellant's punishment. *See id.* Accordingly, we hold that even if the trial court erred in overruling Appellant's untimely objections to the State's notice with regard to the second enhancement allegation, Appellant was not prejudicially surprised or otherwise harmed by such error.

**Summation**

For the reasons set forth above, Appellant's sole issue is overruled.

---

[4] Despite Appellant's counsel's argument to the jury that Appellant pleaded "not true" to both enhancement allegations, there is no indication in the record that Appellant changed his plea to the first enhancement allegation from "true" to "not true."

## DISPOSITION

Having overruled Appellant's sole issue, we ***affirm*** the trial court's judgment.

**GREG NEELEY**
Justice

Opinion delivered May 31, 2023.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MAY 31, 2023**

**NO. 12-22-00109-CR**

**GILBERT GARCIA,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 241st District Court
of Smith County, Texas (Tr.Ct.No. 241-0919-21)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED, and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*