

# NUMBER 13-22-00513-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

CASEY LANE CANION,                                        **Appellant,**

**v.**

THE STATE OF TEXAS,                                        **Appellee.**

## On appeal from the 24th District Court
## of Calhoun County, Texas.

## MEMORANDUM OPINION

### Before Chief Justice Contreras and Justices Benavides and Longoria
### Memorandum Opinion by Justice Benavides

Appellant Casey Lane Canion appeals his convictions for burglary of a habitation with the commission of a felony, a first-degree felony, and tampering with evidence, a third-degree felony. *See* TEX. PENAL CODE ANN. §§ 30.02(d), 37.09(c). The trial court sentenced Canion to life imprisonment for burglary and ten years' imprisonment for tampering with evidence, with the sentences to run concurrently. *See id.* §§ 12.32(a),

12.34(a). By one issue, Canion argues the trial court erred by denying his motion to quash the indictment. We affirm.

## I.  BACKGROUND

On February 10, 2022, Canion was charged by indictment with four offenses: (1) Count 1—burglary of a habitation with the commission of a felony, namely, aggravated assault with a deadly weapon; (2) Count 2—aggravated assault with a deadly weapon; (3) Count 3—tampering with evidence; and (4) Count 4—burglary of a habitation with the intent to commit a felony, namely, tampering with evidence. The State abandoned Count 2 of the indictment prior to trial.

Count 1 of the indictment read:

[Canion], on or about December 29, 2019, . . . did then and there, intentionally and knowingly enter a habitation, without the effective consent of Andrew Ortega, the owner thereof and committed the offense of aggravated assault causing bodily injury by shooting Andrew Ortega in the head and body with a firearm; and it is further presented that the defendant used or exhibited a deadly weapon, a firearm or anything manifestly designed, made or adapted, for the purpose of causing death or serious bodily injury.

Count 3 read:

[Canion] acting alone or together with HUNTER LEE FLOYD, on or about December 29, 2019, . . . did then and there, knowing that an offense had been committed, namely burglary of a habitation, intentionally and knowingly destroy clothing, namely a jacket, with intent to impair its availability as evidence in any subsequent investigation or official proceeding related to the offense.

And Count 4 read:

[Canion], on or about December 30, 2019, . . . did then and there, with intent to commit the felony offense of tampering with evidence, enter a habitation, without the effective consent of Andrew Ortega, the owner thereof . . . to retrieve a bandana left at the scene of the burglary of a habitation on or

2

about December 29, 2019.

On February 22, 2022, Canion filed his motion to quash the indictment. In his motion, Canion argued in relevant part as follows:

> The allegations in the indictment that "on or about" December 29, 2019, [Canion] knowingly committed burglary of a habitation, tampering with evidence[,] and entering a habitation without consent are allegations that are vague and without specificity as to put [Canion] on notice. As such, the indictment attempts to allege an offense of theft and burglary but does not allege with specificity the manner in which [Canion] allegedly deprived the owner of the property[. *See* TEX. PENAL CODE ANN. §§] 31.01, 31.03.
>
> [Canion] takes exception to the indictment in this cause in that the document fails to allege and therefore fails to inform the defendant as to the elements of theft and attempted theft in that there is no allegation of:
>
> (a) The vagueness as to the property which was stolen or attempted to be stolen.
>
> (b) The owner of the stolen property or the property which was attempted to be stolen.
>
> (c) That the said property was taken without the effective consent of the owner of the property.
>
> (d) The manner in which such consent was not effective as to the owner of the property.
>
> (e) That such property was appropriated by the defendant with the intent to deprive the owner of such property.
>
> (f) The value of the property which was stolen or attempted to be stolen.
>
> (g) That the same was committed with a culpable mental state.

On March 16, 2022, the court heard and denied Canion's motion to quash.

The jury returned a guilty verdict on Counts 1 and 3, and a mistrial was declared on Count 4. The trial court sentenced Canion as described above, and this appeal followed.

3

## II. Motion to Quash

By his sole issue, Canion argues the trial court erred by failing to grant his motion to quash because the "indictment did not state the manner in which . . . consent was not effective as to the owner of the property and that the offense was committed with a culpable mental state."

### A. Applicable Law & Standard of Review

"A criminal defendant has a right to notice under the United States and Texas Constitutions." *Lawrence v. State*, 240 S.W.3d 912, 916 (Tex. Crim. App. 2007) (first citing U.S. CONST. amend. VI; and then citing TEX. CONST. art. I, § 10). The charging instrument, be it information or indictment, "must be specific enough to inform the accused of the nature of the accusation against him so that he may prepare a defense." *State v. Moff*, 154 S.W.3d 599, 601 (Tex. Crim. App. 2004). "An indictment is generally sufficient as long as it tracks the language of a penal statute that itself satisfies the constitutional requirement of notice." *Lawrence*, 240 S.W.3d 916. "The indictment will be read as a whole in determining whether it sufficiently charges an offense." *DeVaughn v. State*, 749 S.W.2d 62, 67 (Tex. Crim. App. 1988). "The sufficiency of a charging instrument presents a question of law." *Smith v. State*, 309 S.W.3d 10, 13 (Tex. Crim. App. 2010). Therefore, we review de novo a trial court's ruling on a motion to quash the indictment. *Moff*, 154 S.W.3d at 601.

### B. Analysis

According to Canion, the indictment was deficient because it "did not state the manner in which . . . consent was not effective as to the owner of the property and that

4

the offense was committed with a culpable mental state."[1] The State argues that Canion waived these complaints because they do not correspond to his objections below. *See* Tex. R. App. P. 33.1(a).

"An objection stating one legal basis may not be used to support a different legal theory on appeal." *Rezac v. State*, 782 S.W.2d 869, 870 (Tex. Crim. App. 1990). The objections lodged in Canion's motion to quash were aimed at a lack of notice concerning any act of theft alleged. However, "[b]urglary and theft are separate offenses." *Faulks v. State*, 528 S.W.2d 607, 609 (Tex. Crim. App. 1975). "The gravamen of the offense of burglary clearly remains entry of a building or habitation without the effective consent of the owner, accompanied by either the required mental state . . . or the further requisite acts or omissions, under § 30.02(a)(3) . . . ." *DeVaughn*, 749 S.W.2d at 65. Whereas "the gravamen of theft is in depriving the true owner of the use, benefit, enjoyment or value of his property, without his consent." *Byrd v. State*, 336 S.W.3d 242, 250 (Tex. Crim. App. 2011) (cleaned up). While both offenses require proof that a property owner's consent was not effectively given and that the defendant acted with the necessary mens rea, the proof required will not always be based on the same facts. *See DeVaughn*, 749 S.W.2d at 70 ("[I]t is by no means a necessary conclusion that appellant took or attempted to take property from the owner of the premises he was alleged to have entered unlawfully.").

---

[1] As a preliminary matter, Canion does not identify whether this complaint encompasses Count 1, Count 3, or both Counts. In liberally construing his brief, we will interpret Canion's complaint concerning the mens rea element as encompassing both Counts 1 and 3. *See Harkcom v. State*, 484 S.W.3d 432, 434 (Tex. Crim. App. 2016) ("The Rules of Appellate Procedure should be construed reasonably, yet liberally, so that the right to appeal is not lost by imposing requirements not absolutely necessary to effect the purpose of a rule."). However, because the lack of effective consent is only an element of Count 1, we solely analyze this portion of Canion's complaint as it pertains to the burglary offense. *See* Tex. Penal Code Ann. §§ 30.02(d), 37.09(c).

Here, Canion's objections in his motion to quash were exclusively directed at elements of a theft or attempted theft offense with which he apparently believed the indictment charged him. Although the facts of the case as presented by the State at trial indicated that Canion committed a theft after entering Ortega's premises unlawfully, the indictment did not allege that Canion entered the residence with the intent to commit theft or that he attempted to commit or did commit any theft. Canion's objections below were directed towards the mens rea element of theft and a lack of effective consent to appropriate property, but his objections on appeal are apparently directed towards the mens rea element of burglary and a lack of effective consent to enter a building. "Because the complaint on appeal does not comport with . . . the trial objections, nothing is presented for review." *Hallmark v. State*, 541 S.W.3d 167, 171 (Tex. Crim. App. 2017).

However, even if we held that Canion adequately preserved error, we would nonetheless conclude that the trial court did not err in denying his motion to quash. Counts 1 and 3 track their respective statutes. *See Lawrence*, 240 S.W.3d at 916. In *Thomas v. State*, the court of criminal appeals held that "'effective consent' need not be further clarified," as this term is "neither vague nor indefinite because [it is] statutorily defined." 621 S.W.2d 158, 164 (Tex. Crim. App. 1980) (op. on reh'g); *see* TEX. PENAL CODE ANN. §§ 1.07(a)(19), 31.01(3). But in *Geter v. State*, the court of criminal appeals held that "in a theft prosecution where the State relies upon a defendant's act or omission to negate consent pursuant to [§ 31.01(3)], the indictment must allege which of the statutory negatives vitiated consent, or the indictment will be subject to a timely motion to quash for lack of notice." 779 S.W.2d 403, 407 (Tex. Crim. App. 1989); *see* TEX. PENAL CODE

ANN. § 31.01(3) (providing five different ways an owner's consent may be rendered ineffective). But this is not a theft prosecution, and *Geter*'s applicability is questionable at best.

In any event, the court of criminal appeals has since acknowledged that the holding of "*Geter* was expressly limited to its facts." *State v. Jarreau*, 512 S.W.3d 352, 356 (Tex. Crim. App. 2017). Specifically, the *Jarreau* Court explained that in *Geter*, it "held that the indictment was insufficient under the circumstances of that case since the lack of effective consent 'involved' Geter's acts, that is, the defendant's acts negated consent." *Id.* (citing *Geter*, 779 S.W.2d at 407). In contrast, here, the State never argued that Ortega's consent was negated by any act or omission of Canion's. *See* TEX. PENAL CODE ANN. §§ 1.07(a)(19). Instead, the State argued that Ortega's consent was never given. Ortega testified at trial that he heard knocking on his door, and then Canion "came inside" his home and "pulled out the gun." That is not consent rendered ineffective, that is no consent at all. *See id.* § 1.07(a)(11); *Geter*, 779 S.W.2d at 407 n.5 ("One who simply snatches an item takes without the effective consent of the owner and, under such circumstances, the term 'effective consent' need not be plead[ed] more specifically because all else is purely evidentiary."). Therefore, we conclude that the indictment did sufficiently state the manner in which Ortega's consent was not effective. *See Moff*, 154 S.W.3d at 601; *Geter*, 779 S.W.2d at 407 n.5; *Thomas*, 621 S.W.2d at 164.

We turn now to the mens rea elements for Counts 1 and 3. For Count 1, an indictment for burglary is required to allege the defendant had a culpable mens rea when he entered a building unlawfully. *See DeVaughn*, 749 S.W.2d at 65. However, an

7

indictment for burglary need not also allege a mens rea for the theft, assault, or felony element of the charge if it is alleged that the defendant attempted or completed the theft, assault, or felony. *See id.*; *Davila v. State*, 547 S.W.2d 606, 608 (Tex. Crim. App. 1977); *Hammond v. State*, 664 S.W.2d 838, 840 (Tex. App.—Corpus Christi–Edinburg 1984, no pet.). The indictment here alleges that Canion "intentionally or knowingly" entered Ortega's habitation without Ortega's effective consent and that he completed the offense of aggravated assault causing bodily injury while displaying a firearm. *See* TEX. PENAL CODE ANN. §§ 6.02, 6.03, 22.02(a)(2). Canion does not explain why this is not sufficient to put him on notice as to the mens rea element. For Count 3, the indictment alleged that Canion "intentionally and knowingly" tampered with evidence. *See id.* §§ 6.02, 6.03, 37.09(c). Again, Canion does not explain why this is insufficient to provide notice of the mens rea element. Because Canion did not provide "a clear and concise argument" for his contention, "with appropriate citations to authorities and to the record," we conclude that his argument concerning the mens rea elements of the indictment is inadequately briefed. *See* TEX. R. APP. P. 38.1(i).

We overrule Canion's sole issue.

### III.    CONCLUSION

We affirm the trial court's judgment.

GINA M. BENAVIDES
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed on the
13th day of July, 2023.

8